1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXS GROUP LLC,<br><br>   Plaintiff,<br><br>v.<br><br>INTERNET REFERRAL SERVICES, LLC, EVENT TICKETS CENTER, INC., VERIFIED-TICKET.COM, AMOSA.APP, and SECURE.TICKETS,<br><br>   Defendants. | Case No. 2:24–CV–00377 CAS (EX)<br><br>**[PROPOSED] ORDER GRANTING LEAVE FOR EXPEDITED DISCOVERY** |

This Court, having read and considered the Complaint on file in this action by Plaintiff AXS Group LLC ("AXS"), AXS's Motion for a Preliminary Injunction, AXS's *Ex Parte* Application for and Memorandum in Support of an Order Granting Leave for Expedited Discovery, the Declarations of Alex Hazboun and J. Michael Keyes filed in support thereof, being fully advised in the premises, and GOOD CAUSE appearing therefore, hereby orders as follows:

### ORDER AUTHORIZING EXPEDITED DISCOVERY

**A.** **IT IS ORDERED** as sufficient cause has been shown, that: AXS may serve subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure on any third-party domain registrar that is known or is learned to be affiliated with any Defendant in order to permit AXS to discover that Defendant's true identity.

-1-

[PROPOSED] ORDER
FOR EXPEDITED DISCOVERY

Case No. 2:24–CV–00377 CAS (Ex)

**B.     IT IS FURTHER ORDERED** as sufficient cause has been shown, that:

1) To the extent Defendants respond to Plaintiff's Motion for Preliminary Injunction by denying that they are involved in the marketing, sale, or distribution of Counterfeit Tickets or that they are unaffiliated or unassociated with the remaining Defendants, Plaintiff AXS may conduct a limited Rule 30(b)(6) deposition of each Defendant on the following topics:

   (a) that Defendant's business model and role in marketing, offering for sale, selling, displaying, or distributing counterfeit tickets; (b) that Defendant's relationship, association, or affiliation with any of the other Defendants; (c) that Defendant's knowledge of the sale or distribution of counterfeit AXS tickets through its domain(s), servers, or other systems as set forth in the Complaint; (d) the identity of all websites or domains owned or operated by that Defendant or its affiliates which are used to market, sell, or distribute tickets; (e) the original sources of any counterfeit tickets marketed, sold, or distributed through that Defendant's websites or domains; and (f) that Defendant's knowledge of Plaintiff or its services and/or that Defendant's access to the AXS Platform.

2) Plaintiff AXS may issue Rule 34 Requests for Production pursuant to Federal Rules of Civil Procedure 26 and 34 and Defendants shall produce all documents responsive to such requests within fourteen (14) days of service. The Requests for Production may seek information on the following topics:

   (a) the identity of that Defendant's customers of digital tickets bearing the AXS marks; (b) that Defendant's communications with each of the other Defendants relating to the marketing, sale, or distribution of digital tickets; (c) the identity of all websites or domains owned or operated by that Defendant or its affiliates which are used to market, sell, or distribute tickets; (d) the original sources of any counterfeit tickets

-3-

marketed, sold, or distributed through that Defendant's websites or domains; (e) that Defendant's knowledge of Plaintiff or its services and/or that Defendant's access to the AXS Platform; and (f) evidence of that Defendant's revenue received from the marketing, sale, or distribution of digital tickets bearing the AXS Marks.

**IT IS SO ORDERED.**

SIGNED this _____ day of _____, 2024, at _____ ___.m.

_____
UNITED STATES DISTRICT JUDGE