UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-377-SPG-Ex | Date | January 24, 2024 |
| Title | AXS Group LLC v. Internet Referral Services, LLC, et al. | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** MINUTE ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY [ECF No. 14]; AND STRIKING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING DOCUMENTS [ECF NOS. 11-13]

**I.    BACKGROUND**

Before the Court is Plaintiff's *Ex Parte* Application requesting leave for expedited discovery. (ECF No. 14 ("App.")). For the reasons discussed below, the Court GRANTS, in part, and DENIES, in part, the Application.

This action arises out of a dispute over digital ticketing trademarks and software. Plaintiff provides proprietary ticketing software and services to hundreds of event organizer clients who present sports and entertainment events in the United States, including venues in Los Angeles, such as the Crypto.com Arena. (ECF No. 1 ("Compl.") ¶ 2). Plaintiff uses its "AXS Platform" to market, sell, and distribute tickets on behalf of its organizer clients, and to deliver digital tickets to the end user customers who purchased tickets on the AXS Platform. (*Id.*). Plaintiff does not own the tickets that it sells and distributes, but rather acts as an agent for its event-organizing clients. (*Id.* ¶ 5). Plaintiff's "goal is to serve its clients by getting authentic tickets into the hands of their fans on the terms established by those clients, and to serve fans by providing them access to buy tickets for the events they want to attend." (*Id.*). Plaintiff alleges that it owns a variety of rights over the tickets and the process by which they are sold: Plaintiff owns a copyright in the mobile application that allows users to buy, sell, and view their digital tickets; the tickets purchased through the AXS Platform are branded with Plaintiff's trademarks; and Plaintiff has developed proprietary security features to protect consumer data. (*Id.* ¶ 6).

Plaintiff alleges that several third-party ticket retail platforms and/or ticket delivery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-377-SPG-Ex | Date | January 24, 2024 |
| Title | AXS Group LLC v. Internet Referral Services, LLC, et al. | | |

services have been distributing and selling counterfeit tickets that use Plaintiff's trademark and have been representing to consumers that they are using Plaintiff's proprietary technology. *See* (*id.* ¶ 7). Consumers have purchased these counterfeit tickets, unknowingly, believing them to be real AXS tickets but then, when they arrive to the event, are denied admission. (*Id.* ¶ 8). Plaintiff alleges that these aggrieved consumers believe, incorrectly, that Plaintiff is the source of the counterfeited tickets. (*Id.*).

Plaintiff filed this action on January 16, 2024, against Defendants Internet Referral Services ("IRS"), Event Tickets Center, Inc. ("ETC"), Verified-Ticket.com ("VT"), Amosa.app ("AA"), and Secure.Tickets ("ST"). (Compl.). The Complaint asserts nine causes of action. On January 17, 2024, Plaintiff filed an *Ex Parte* Application (the "Application") for leave to take expedited third-party discovery to ascertain the true identity of Defendants VT, AA, and SS; and to take in advance of the hearing on its motion for a preliminary injunction[1] expedited discovery from "each Defendant" regarding the domains involved in Defendants' actions, internal communications, and the "sources of Defendants' counterfeit tickets." (App. at 2). As of the date of this Order, the docket does not reflect that any summons has issued or any proofs of service has been filed.

II.  **DISCUSSION**

   A.  ***Ex Parte* Relief**

An *ex parte* application for relief "must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). To justify *ex parte* relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Id.* The moving party must also demonstrate that it "is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.* Here, the Court finds Plaintiff has sufficiently demonstrated the Application is warranted and the "crisis" requiring expedited relief is not of its own making. Plaintiff contends that Defendants' allegedly infringing activity presents an urgency issue that, without sufficient expedited discovery, could result in a denial of evidence and information necessary for its case because such evidence may be "secreted, concealed, destroyed, sold off, or otherwise disposed of." (App. at 13). Thus, Plaintiff has demonstrated that *ex parte* relief is appropriate, and the Court will reach the merits of Plaintiff's Application.

---

[1] On January 16, 2024, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff filed a motion for preliminary injunctive relief to enjoin Defendants from infringing Plaintiff's copyrights and infringing or counterfeiting Plaintiff's trademark rights. (ECF No. 11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-377-SPG-Ex | Date | January 24, 2024 |
| Title | AXS Group LLC v. Internet Referral Services, LLC, et al. | | |

**B.    Relief from Federal Rule of Civil Procedure 26(d)(1)**

With exceptions not relevant here, Federal Rule of Civil Procedure 26(d)(1) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." Fed. R. Civ. P. 26(d)(1). To seek relief from Rule 26(d)(1), the plaintiff must show good cause. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause may be found "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*; *see also Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) ("Courts within the Ninth Circuit generally use the 'good cause' standard to determine whether to permit discovery prior to a Rule 26(f) conference." (citation omitted)).

Here, insofar as Plaintiff requests the Court's permission to obtain discovery from Defendants to support the motion it has filed for preliminary injunction, both the request and motion are premature because Plaintiff has not served Defendants in accordance with Rule 4. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear and defend."); *see also* Fed. R. Civ. P. 65(d) ("The order binds only the following who receive actual notice of it by personal service or otherwise[.]"). Therefore, the Court lacks authority to grant the requested discovery and to grant injunctive relief as requested in ECF No. 11. *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Accordingly, the Court denies without prejudice Plaintiff's Application, insofar as it seeks expedited discovery to support Plaintiff's motion for a preliminary injunction, and strikes the currently pending motion for preliminary injunction, application for sealing, and supporting documents, (ECF Nos. 11-13), without prejudice to Plaintiff re-filing these documents once Defendants have been served.[2]

Plaintiff also requests permission to obtain discovery to ascertain the true identities of Defendants VT, AA, and ST. Generally, discovery takes place only after the defendant has been served. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). However, upon a showing of "good cause," courts have allowed limited discovery after the filing of a complaint to permit the plaintiff to learn the identifying facts necessary to facilitate

---

[2] For the purposes of judicial economy and efficiency of resolving the dispute, Plaintiff should meet and confer with Defendants, once identified, to see whether any request for expedited discovery could be agreed upon and to identify the actual disputes between the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-377-SPG-Ex | Date | January 24, 2024 |
| Title | AXS Group LLC v. Internet Referral Services, LLC, et al. | | |

service on a defendant. *Pink Lotus Entertainment, LLC v. Doe*, Case No. 2:11–cv–03073 WBS KJN, 2012 WL 260441, at *2–3 (N. D. Cal. Jan. 23, 2012); *Columbia*, 185 F.R.D. at 577; *see also Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980) (where "the identity of alleged defendants [would] not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Pink Lotus Entertainment,* 2012 WL 260441, at *2 (citation omitted). Such good cause is "frequently found" in cases, such the present suit, "involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction." *Id.*

In deciding whether to grant discovery to uncover the identity of a defendant, courts have considered the following factors: (1) whether the plaintiff has "identif[ied] the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity who could be sued in federal court;" (2) whether the plaintiff has already made "a good faith effort to comply with the requirements of service of process;" (3) whether the pleadings "could withstand a motion to dismiss;" and (4) whether there is a "reasonable likelihood" the proposed limited discovery "will lead to identifying information about defendant that would make service of process possible." *Columbia*, 185 F.R.D. at 578–80. The court should determine the existence of "good cause" in light of "the entirety of the record . . . and the reasonableness of the request in light of all the surrounding circumstances." *Pink Lotus Entertainment,* 2012 WL 260441, at *2 (quoting *Semitool*, 208 F.R.D. at 275).

Here, as discussed below, given the reasonableness of Plaintiff's request and in light of the surrounding circumstances, Plaintiff has shown good cause for the requested discovery.

    1.    *First Good Cause Factor*

First, Plaintiff has sufficiently identified the entities related to Defendants VT, AA, and ST for which Plaintiff seeks further identifying information. Courts in the Ninth Circuit have held that "a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *Strike 3 Holdings, LLC v. Doe*, No. 20CV948-WQH (MSB), 2020 WL 8674127, at *2 (S.D. Cal. July 27, 2020) (citing cases). Therefore, "it is critical that Plaintiff identify that there is an actual human involved in the downloading and sharing of Plaintiff's allegedly infringed works." *Id.*; *see also Distinct Media Ltd. v. Doe Defendants 1-50*, No. 15-CV-03312 NC, 2015 WL 13389609, at *2–3 (N.D. Cal. Sept. 29, 2015). Here, Plaintiff has traced the ownership of each of the domain names for Defendants VT, AA, and ST, by using services that allow individuals to trace ownership and tenure of a domain name. (Compl. ¶¶ 13–15, ¶13 n.1); *Consumer Opinion LLC v. Frankfort News Corp*, No. 16-CV-05100-BLF, 2016 WL 6393520, at *2 (N.D. Cal. Oct. 28,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-377-SPG-Ex | Date | January 24, 2024 |
| Title | AXS Group LLC v. Internet Referral Services, LLC, et al. | | |

2016) ("Those domain names and web sites are specifically enumerated in the FAC."). For Defendants AA and ST, Plaintiff's report contains the registrar of the domain and registration dates, but other registrant information, such as name, are redacted for privacy. (ECF No. 1-2 (Defendant AA Report); ECF No. 1-3 (Defendant ST Report)). For Defendant VT, Plaintiff has identified the registrar for the domain and the individual customer information that is "unique per domain name," but alleges that the name is a proxy. (Compl. ¶ 13). Plaintiff has sufficiently identified that each of these domains has been registered by either an entity or an individual, and therefore the first factor weighs in favor of good cause.

        2.      *Second Good Cause Factor*

Second, the steps Plaintiff has taken to identify the individuals and entities involved with Defendants VT, AA, and ST, similarly show Plaintiff's good faith effort to locate the missing defendants and comply with service of process. Based on the steps set forth in the Complaint, the Application, and as described above, Plaintiff has shown that the registrars of the domains have privacy policies that would preclude any responses without a subpoena. (App. at 5–6; ECF No. 14-1 at 1–2, 6–21); *see also Malibu Media, LLC v. John Does 1 through 6*, No. 12-CV-1355-LAB DHB, 2012 WL 4471538, at *3 (S.D. Cal. Sept. 26, 2012) (finding the plaintiff's efforts to identify Doe defendant were sufficient because "there is no other way for [p]laintiff to obtain [d]efendants' identities, except by serving a subpoena on [d]efendants' ISPs demanding it."). Thus, the second factor weighs in favor of good cause.

        3.      *Third Good Cause Factor*

The third factor requires the Court to consider whether Plaintiff's Complaint has alleged sufficient facts to survive a motion to dismiss. *See Gillespie*, 629 F.2d at 642 ("[T]he plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear . . . that the complaint would be dismissed on other grounds."); *Distinct Media Ltd*, 2015 WL 13389609, at *3. When determining this factor, district courts consider whether the complaint alleges sufficient facts pursuant to Rule 8 to put the defendant on notice of the claims against the defendant, *id.* at *4, whether the complaint alleges facts relating to personal jurisdiction and subject matter jurisdiction, *Strike 3 Holdings*, 2020 WL 8674127, at *4, and whether the complaint contains sufficient factual allegations to uphold the bases of the claims, if challenged by Rule 12(b)(6). *Id.*

Here, Plaintiff's causes of action primarily arise out of its claims that its copyright and trademark rights have been violated in various ways. *See* (Compl. ¶¶ 95–156).[3] Plaintiff has

---

[3] Plaintiff also asserts a breach of contract claim based on Defendants' alleged use of the AXS Application, which requires agreeing to Plaintiff's Terms of Use, and the alleged subsequent breach of the Terms of Use agreement by the unauthorized use of Plaintiff's copyrights and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-377-SPG-Ex | Date | January 24, 2024 |
| Title | AXS Group LLC v. Internet Referral Services, LLC, et al. | | |

alleged that it owns the trademarks, (*id.* ¶¶ 40–42; ECF Nos. 1-8, 1-9), and the copyrights at issue. (Compl. ¶¶ 44–48; ECF Nos. 1-10, 1-11). The Complaint also contains specific factual allegations as to Defendants' alleged counterfeiting scheme involving purported unauthorized use of these trademarks and copyrights, including allegations specific to each Defendant. *E.g.*, (Compl. ¶¶ 52–94).

Further, the Complaint is sufficiently specific and well pleaded to put Defendants on notice of the conduct asserted against them. *Cf. Distinct Media Ltd*, 2015 WL 13389609, at *4. As to subject matter jurisdiction, Plaintiff alleges federal question jurisdiction under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and that supplemental jurisdiction over the state law claims is appropriate because the events arise out of the same controversy. (Compl. ¶¶ 17–18). Finally, Plaintiff sets forth specific factual allegations purporting to establish personal jurisdiction, including that Defendants have sold counterfeited tickets to individuals in this district for events within Los Angeles. (*Id.* ¶ 19). Although the allegations of the Complaint would be subject to a more in-depth analysis when challenged by a motion to dismiss, for purposes of the good cause analysis here, the Court finds the allegations would not "clear[ly]" fail a motion to dismiss. *Gillespie*, 629 F.2d at 642; *see also 808 Holdings LLC v. Collective of Jan. 3, 2012 Sharing Hash*, No. CV 12-2251-CAS (EX), 2012 WL 13012725, at *6 (C.D. Cal. Oct. 1, 2012). This factor thus weighs in favor of finding good cause.

    4.    *Fourth Good Cause Factor*

Finally, Plaintiff's request is likely to lead to identifying information that would make service of process possible. *See Gillespie*, 629 F.2d at 642 ("[T]he plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities . . . ."). The reports attached to the Complaint regarding the domain registration for Defendants VT, AA, and ST, all contain information fields

---

trademarks. (Compl. ¶¶ 157–67). The breach allegations rely heavily on Plaintiff's allegations regarding its copyright and trademark rights, which are discussed above. Furthermore, as to breach of contract, the factual allegations as to this cause of action do not, on their face, appear conclusory. *See* (*id.*). Plaintiff alleges that agreeing to the Terms of Use creates an enforceable contract, that unauthorized use of the trademarks and copyrights is a breach by the terms of that agreement, and that Plaintiff suffered monetary and non-monetary damages as a result of that breach. *See, e.g.*, (*id.* ¶¶ 158, 160–62, 166); *see also Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th. 811, 821 (2011) (setting forth the factors to state a breach of contract claim as "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff"). For the purposes of this factor analysis, there appears no obvious deficiency as to this cause of action, if challenged on a Rule 12(b)(6) motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-377-SPG-Ex | Date | January 24, 2024 |
| Title | AXS Group LLC v. Internet Referral Services, LLC, et al. | | |

that would make identification likely, including mailing address and name information. *See e.g.*, (ECF No. 1-2 at 2); *see also Consumer Opinion LLC*, 2016 WL 6393520, at *2 ("[The] third-party recipients of the proposed subpoenas likely know the true identities and locations of the missing defendants, because those defendants would have been required to provide that information in order to register their domain names."). Accordingly, this factor weighs in favor of good cause.

Therefore, Plaintiff has demonstrated good cause for early discovery only as it pertains to seeking identifying information from the identified third-party domain registrars related to Defendants VT, ST, and AA.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's *Ex Parte* Application for Expedited Discovery is GRANTED as to Plaintiff's request for Rule 45 subpoenas issued to specific third-party domain registrars. Specifically, the Court grants Plaintiff's request to issue Rule 45 subpoenas to: Contact Privacy Inc., Dynadot LLC, and Namecheap Inc., *see* (App. at 9–10), seeking the identifications and contact information for disclosures contained in the reports attached as Exhibits A, B, and C, to the Complaint. (ECF Nos. 1-1, 1-2, and 1-3). Plaintiff must serve the Rule 45 subpoenas within ten (10) business days on the third parties. The remainder of Plaintiff's Application is DENIED without prejudice. The Court also STRIKES, without prejudice, Plaintiff's motion for a preliminary injunction, Application to file under seal, and supporting documents filed at ECF Nos. 11-13.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   pg