DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
 *keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
 *hansen.connor@dorsey.com*
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
 *schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Plaintiff AXS Group LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXS GROUP LLC,<br><br>            Plaintiff,<br><br>v.<br><br>INTERNET REFERRAL SERVICES, LLC, EVENT TICKETS CENTER, INC., VERIFIED-TICKET.COM, AMOSA.APP and SECURE.TICKETS,<br><br>            Defendants. | Case No. 2:24-CV-00377-SPG (Ex)<br><br>**STIPULATED INTERIM PROTECTIVE ORDER** |

**1.     PURPOSES AND LIMITATIONS**

Plaintiff AXS Group LLC ("AXS" or "Plaintiff") and named Defendant Event Tickets Center, Inc. ("Event Tickets") are engaged in discussions that may lead to an amicable resolution of this dispute. To facilitate the full and frank exchange of information during these discussion, the Parties anticipate that they may provide confidential and highly confidential materials, documents, or information (as defined in Sections 3.3.-3.4 below) before the start of discovery in this matter and before a

-1-
STIPULATED INTERIM PROTECTIVE ORDER                          Case No. 2:24-CV-00377-SPG (Ex)

protective order is entered in the regular course of this dispute. These materials, documents, or information are likely to include confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than engaging in settlement discussions in this action may be warranted; and/or privileged documents and/or work product.

Accordingly, Plaintiff and Event Tickets hereby stipulate to and petition the Court to enter the following Stipulated Interim Protective Order for the purpose of facilitating frank discussions between the Parties.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential or highly confidential treatment under the applicable legal principles and for the limited purposes and duration as set forth below.

The parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Interim Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Finally, the parties agree that entry of this Stipulated Interim Protective Order is without prejudice to entry of a final Protective Order, including with differing terms, should the case not settle before discovery begins.

**2.   GOOD CAUSE STATEMENT**

The parties to this Stipulated Interim Protective Order assert that good cause exists for the entry of the Order. Event Tickets assert that the documents exchanged in settlement discussions are likely to involve Event Tickets' confidential and highly confidential financial and/or competitive information, trade secrets, customer and pricing lists, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public

disclosure and from use for any purpose other than settlement discussions in this action is warranted. Such confidential and highly confidential materials and information may consist of, among other things, confidential business or financial information, information regarding confidential business practices, confidential agreements with third parties, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information and to adequately protect information the parties are entitled to keep confidential, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case or used for any purpose outside the scope of settlement discussions between the parties.

Thus, the parties agree that certain and limited documents and information warrant "Confidential" and "Highly Confidential" treatment for settlement purposes only pursuant to the terms of this Stipulated Interim Protective Order.

**3.   DEFINITIONS**

3.1   Action: This pending federal law suit.

3.2   Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

3.3   "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4     "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.5     Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.6     Designating Party: A Party or Non-Party that designates information or items that it produces or generates in disclosures during settlement discussions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY."

3.7     Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures during settlement discussions in this matter.

3.8     In-House Counsel: Attorneys who are employees of a party to this Action and their support staff. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9     Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.10    Party: Plaintiff AXS Group LLC ("AXS" or "Plaintiff") and Event Tickets Center, Inc. ("Event Tickets") including all of their officers, directors, employees, consultants, In-House Counsel and Outside Counsel of Record (and their support staffs).

3.11    Non-Party: Any natural person, partnership, corporation, association, or other legal entity that is an officer, director, employee, consultant, or Outside Counsel

of Record (and their support staffs) of AXS and Event Tickets as defined above in 3.10.

    3.12  <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

    3.13  <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

    3.14  <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    3.15  <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY."

**4.**    <u>**SCOPE**</u>

The protections conferred by this Stipulated Interim Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The Protected Material exchanged under this agreement are for purposes of facilitating and engaging in settlement discussions only. All Confidential and Highly Confidential material produced, reproduced, or provided to the Parties to this Stipulated Interim Protective Order shall be kept confidential and are submitted without prejudice as an offer of compromise, within the meaning of Fed. R. Evid. 408. Accordingly, the Confidential and Highly Confidential material, any related communications, and this Order shall not be admissible in any forum for any purpose, except that the Order may be admissible in this Court to enforce its terms.

Documents and materials produced pursuant to this Stipulated Interim Protective Order and information derived from those documents and materials, cannot be produced in Court, utilized in discovery, or used for any purpose other than specifically provided herein. Should any Party to this Stipulated Interim Protective Order seek to rely on upon the confidential financial information produced pursuant to this agreement for purposes of a motion to approve a settlement in this matter, the Party must first send the proposed language to the Opposing Party's counsel for written approval.

Any use of Protected Material outside the limited purpose and duration of this Stipulated Interim Protective Order shall not be governed by this Order. This Order does not govern the use of Protected Material at trial. This Stipulated Interim Protective Order only extends to protect such information between the Parties to this Order and does not extend to information produced or generated by Non-Parties to this Order, including any other named or unnamed defendants in this Action. This Stipulated Interim Protective Order does not supersede, modify, or replace any subsequent protective order entered into by these or any other parties to this Action and signed by the Court.

## 5. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Any party to this Stipulated Interim Protective Order may, upon written notice to the other Parties to this Order, move for an order modifying, amending, or dissolving the terms of this Order. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6. DESIGNATING PROTECTED MATERIAL

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before or at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY", to each page that contains protected material. If only a portion or

portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" designation to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

6.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**7. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1   Timing of Challenges. Any Party may challenge a designation of confidentiality (which includes both "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" at any time until the final disposition of this Action or dissolution of this Stipulated Interim Protective Order as defined in Section 5, Duration.

7.2   Meet and Confer. The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

7.3   The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.   ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this Action only to the extent necessary for the purpose of facilitating a potential settlement to this Action between the Parties to this Stipulated Interim Protective Order, as defined in Section 4, Scope. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Upon the final disposition of this Action or dissolution of this Stipulated Interim Protective Order as defined in Section 5, Duration, a Receiving Party must comply with the provisions of Section 12, Final Disposition.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) the Court and its personnel if necessary;

(d) court reporters and their staff if necessary;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3 <u>Disclosure of "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any documents designated "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" only to the following persons:

  (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

  (b) the Court and its personnel if necessary;

  (c) court reporters and their staff if necessary;

  (d) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

  (f) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Interim Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Interim Protective Order submitted to the court.

**11.   MISCELLANEOUS**

11.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Interim Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Interim Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Interim Protective Order.

11.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**12.   FINAL DISPOSITION**

After the final disposition of this Action, as defined in Section 5, Duration, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5, Duration.

      14. Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

      It is so stipulated.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

| | | |
|---|---|---|
| 1 | Dated: April 29, 2024 | DORSEY & WHITNEY LLP |
| 2 | | |
| 3 | | By: /s/ J. Michael Keyes |
| | | J. Michael Keyes (SBN 262281) |
| 4 | | keyes.mike@dorsey.com |
| | | Connor J. Hansen (*pro hac vice*) |
| 5 | | hansen.connor@dorsey.com |
| | | Columbia Center |
| 6 | | 701 Fifth Avenue, Suite 6100 |
| | | Seattle, WA |
| 7 | | Telephone: 206.903.8800 |
| | | Facsimile: 206.903.8820 |
| 8 | | DORSEY & WHITNEY LLP |
| 9 | | Kent J. Schmidt (SBN 195969) |
| | | schmidt.kent@dorsey.com |
| 10 | | 600 Anton Boulevard, Suite 200 |
| | | Costa Mesa, CA 92626 |
| 11 | | Telephone: 714.800.1400 |
| | | Facsimile: 714.800.1499 |
| 12 | | *Attorneys for Plaintiff AXS Group LLC* |
| 13 | | |
| 14 | Dated: April 29, 2024 | FISH & RICHARDSON P.C. |
| 15 | | |
| 16 | | By: /s/ John Thornburgh |
| | | John Thornburgh (SBN 154627) |
| 17 | | thornburgh@fr.com |
| | | 12860 El Camino Real Suite 400 |
| 18 | | San Diego, CA 92130 |
| | | Telephone: 858.678.4312 |
| | | Facsimile: 858.678.5099 |
| 19 | | |
| 20 | | Christopher S. Marchese (SBN 170239) |
| | | marchese@fr.com |
| 21 | | 633 W 5th 26th Floor |
| | | Los Angeles, CA 90071 |
| | | Telephone: 213.533.4240 |
| 22 | | |
| 23 | | *Attorneys for Defendant Event Tickets Center, Inc.* |
| 24 | | |

25  Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filing party hereby attests that all
26  signatories listed, and on whose behalf the filing is submitted, concur in the filing's
27  content and have authorized this filing.
28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Interim Protective Order that was issued by the United States District Court for the Central District of California on _____ [insert date] in the case of *AXS Group LLC v. Internet Referral Services, LLC et al.*, Case No. 2:24-CV-00377-SPG (Ex). I agree to comply with and to be bound by all the terms of this Stipulated Interim Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Interim Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Interim Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

# CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2024, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record. Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

*/s/ J. Michael Keyes*
J. Michael Keyes, SBN 262281