DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
  keyes.mike@dorsey.com
Connor J. Hansen (*pro hac vice*)
  hansen.connor@dorsey.com
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile:  206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  schmidt.kent@dorsey.com
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone:  714.800.1400
Facsimile:   714.800.1499

*Attorneys for Plaintiff AXS Group LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXS GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTERNET REFERRAL SERVICES, LCC, EVENT TICKETS CENTER, INC., VERIFIED-TICKET.COM, AMOSA.APP, and SECURE.TICKETS,<br><br>Defendants. | Case No. 2:24−CV−00377 SPG (EX)<br><br>**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE FIRST AMENDED VERIFIED COMPLAINT UNDER SEAL**<br><br>[Filed concurrently with Declaration of J. Michael Keyes; [Proposed] Order; and Unredacted First Amended Verified Complaint] |

PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 79-5, Plaintiff AXS GROUP LLC ("Plaintiff") files this application to file under seal portions Plaintiff's First Amended Verified Complaint in this matter.

This Application is based on this Application for Leave to File Under Seal, the following Memorandum of Points and Authorities, the Declaration of J. Michael Keyes ("Keyes Decl.") filed herewith, and the concurrently lodged Proposed Order.

## I.    MEMORANDUM OF POINTS AND AUTHORITIES

This Court should grant the Plaintiff's Application for Leave to File Under Seal portions of the First Amended Verified Complaint.

Plaintiff filed its original Complaint on January 16, 2024. Dkt. 1. That same day, Plaintiff filed an Application to File Complaint Under Seal. Dkt. 9. On January 24, 2024, the Court granted Plaintiff's Application. Dkt. 19. The portions of the Amended Verified Complaint that Plaintiff seeks to file under seal via this Application are identical to those portions that the Court previously ordered be sealed in the originally filed Complaint. Keyes Decl. ¶ 6.

While there is a strong presumption of public access to judicial records, documents nevertheless may be sealed if there are "compelling reasons" to protect the information contained therein. *See* L.R. 79-5.2.2; *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). This applies to documents "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016), including complaints. *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 16-MD-02752-LHK, 2018 U.S. Dist. LEXIS 48872, 2018 WL 9651897, at *25 (N.D. Cal. Jan. 3, 2018) ("Indeed, this Court and other courts have held that the compelling reasons standard applies to the sealing of a complaint precisely because the complaint forms the foundation of the lawsuit.") (collecting cases); *accord Paredes v. City of San Jose*, No. 22-cv-00758-PCP, 2023 U.S. Dist. LEXIS 191811, at *2 (N.D. Cal. Oct. 25, 2023). Courts have found that such compelling reasons exist when the filing could "become a vehicle for improper purposes," such as release of trade secrets or confidential business information. *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In the Ninth Circuit, courts adopted the Restatement's definition of trade secrets, which includes "any . . . compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an

-2-
PLAINTIFF'S APPLICATION FOR LEAVE TO
FILE AMENDED VERIFIED COMPLAINT UNDER SEAL     Case No. 2:24−cv−00377 SPG (Ex)

1  advantage over [other] competitors who do not know or use [the information].”
2  Restatement of Torts § 757, cmt. b.

3        Courts in this District routinely determine that under seal filing is appropriate
4  to limit the disclosure of confidential or sensitive business information that could be
5  used by a competitor. *See, e.g., Miotox LLC v. Allergan, Inc.*, 2016 WL 3176557, at
6  *2 (C.D. Cal. June 2, 2016); *Gasio v. Target Corp.*, 2015 WL 11387768, at *1 (C.D.
7  Cal. Jan. 30, 2015); *see also Ctr. for Auto Safety*, 809 F.3d at 1097 (factors for
8  granting a motion to seal include when documents act "as sources of business
9  information that might harm a litigant's competitive standing"). Financial
10 information is among the categories of "confidential or sensitive business
11 information" courts protect. *In re Apple Inc. Device Performance Litig.*, 2019 WL
12 1767158, at *2 (N.D. Cal. Apr. 22, 2019).

13       California district courts have similarly determined filing under seal is
14 appropriate to limit disclosure of security measures to protect online users or
15 technical measures used to prevent infringement. *See, e.g., In re Yahoo! Inc.*
16 *Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2018 U.S. Dist. LEXIS
17 48872, at *27 (N.D. Cal. Jan. 3, 2018) (sealing parts of amended complaint "related
18 to the technology Yahoo uses to provide services and security to its users and the
19 methods that were used to breach Yahoo's systems"); *In re Google Inc. Gmail Litig.*,
20 No. 13-MD-02430-LHK, 2013 U.S. Dist. LEXIS 138910, at *11-13 (N.D. Cal. Sep.
21 25, 2013) (sealing material from complaint related to "descriptions of how gmail
22 works" because of the risk of infringement by copying and information related to
23 gmail user security that if disclosed could lead to a breach of gmail security);
24 *Medtronic, Inc. v. Axonics Modulation Techs., Inc.*, No. 8:19-cv-02115-DOC-JDE,
25 2023 U.S. Dist. LEXIS 187385, at *4-5 (C.D. Cal. Aug. 31, 2023) (sealing
26 information used to "protect non-public technical information related to the accused
27 products, competitive financial information, and information related to future patent
28

-3-
PLAINTIFF'S APPLICATION FOR LEAVE TO
FILE AMENDED VERIFIED COMPLAINT UNDER SEAL     Case No. 2:24−cv−00377 SPG (Ex)

applications"); *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-CV-00072-BLF, 2019 U.S. Dist. LEXIS 149869, at *4-8 (N.D. Cal. Sept. 3, 2019) (sealing material that "reveals the identification, organization, and/or operation of Cisco's proprietary products," which competitors could "use to map proprietary features of Cisco's products").

Here, the Plaintiff is seeking to file under seal portions of the First Amended Verified Complaint that: (1) lists the security and access control measures Plaintiff uses to prevent unauthorized access to the AXS App and copying of software or other elements of the AXS App; (2) explains how Defendants bypassed those measure to create, sell and distribute counterfeit tickets; and (3) provides Plaintiff's financial information such as the number of users it has and its revenues. Keyes Decl. ¶¶ 3-4.

The information relating to Plaintiff's security and access control is confidential and if publicly disclosed could be misused by Plaintiff's competitors or future infringers. *In re Google Inc. Gmail Litig.*, 2013 U.S. Dist. LEXIS 138910, at *11-13. Further, information relating to how Defendants bypassed these measures could provide a blueprint for future infringers to engage in similar infringing conduct. *See, e.g.*, *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2018 U.S. Dist. LEXIS 48872, at *27.

Finally, Plaintiff's financial information is treated as confidential and could be used by competitors. *See* Keyes Decl. ¶ 4. This financial information is properly sealed. *In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, at *2; *Medtronic, Inc.*, 2023 U.S. Dist. LEXIS 187385, at *4-5.

Plaintiff has filed a public version of the First Amended Verified Complaint in which the sealed information is redacted. This Application is narrowly tailored because Plaintiff seeks to file under seal only limited, unredacted portions of the First Amended Verified Complaint and does not seek to seal any of the Exhibits to the First Amended Verified Complaint.

1      For the foregoing reasons, Plaintiff respectfully request leave to file the
2  unredacted First Amended Verified Complaint under seal.

3

4  Dated:   May 6, 2024                 DORSEY & WHITNEY LLP

By: */s/ J. Michael Keyes*
J. Michael Keyes (SBN 262281)
  keyes.mike@dorsey.com
Connor J. Hansen (*pro hac vice*)
  hansen.connor@dorsey.com
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  *schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Plaintiff AXS Group LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2024, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record. Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

*/s/ J. Michael Keyes*
J. Michael Keyes, SBN 262281