1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11  AXS GROUP LLC ,                      Case No. 2:24–cv–00377–SPG–E

12              Plaintiff(s),            **ORDER SETTING SCHEDULING CONFERENCE**

13          v.
                                         Date:            October 2, 2024
14  INTERNET REFERRAL SERVICES LLC, et al.  Time:         03:00 PM
                                         Courtroom:    5C
15              Defendant(s).

16
17
18

19      **READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE**

20      **AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

21          This case has been assigned to United States District Judge Sherilyn Peace

22  Garnett. This matter is set for a Scheduling Conference on the above date in

23  Courtroom 5C of the First Street Courthouse, 350 West 1st Street, Los Angeles,

24  CA 90012.

25  **A.    PRELIMINARY MATTERS**

26      **1.    Service of Pleadings.** If plaintiff has not already served the operative

27  complaint on all defendants, plaintiff shall do so promptly and shall file proofs of

28  service of the summons and complaint within three (3) days thereafter. *See* Fed. R.

–1–

1   Civ. P. 4; Local Rule 4. Defendants also shall timely serve and file their responsive

2   pleadings (if not previously done) and comply the requirements of Local Rule

3   5-3.2. At the Scheduling Conference, the court will set a date by which motions to

4   amend the pleadings or add parties must be heard.

5          **2.     Order Applies to Pro Se Litigants.**  "Counsel," as used in this Order,

6   includes parties who have elected to appear without counsel and are representing

7   themselves in this litigation (hereinafter referred to as "Pro Se Litigants"). Pro Se

8   Litigants must comply with this Order, the Federal Rules of Civil Procedure, and

9   the Local Rules.  *See* L.R. 1-3, 83-2.2.3. Pro Se Litigants are required to participate

10  in the scheduling conference.

11         **3.     Notice to be Provided by Counsel.**  Plaintiff's counsel or, if plaintiff is

12  a Pro Se Litigant, defendant's counsel, shall provide this Order to all known parties

13  who have not yet appeared or who appear after the date of this Order. This and all

14  other applicable orders in this case are available on Judge Garnett's Webpage

15  (scroll to the bottom) http://www.cacd.uscourts.gov/honorable−sherilyn−peace

16  −garnett. The Local Rules are available on the Central District of California

17  Website.

18         **4.     Compliance with Fed. R. Civ. P. 26.**  The scheduling conference

19  will be held pursuant to Fed. R. Civ. P. Rule 16(b). The parties are reminded

20  of their obligations to (i) make initial disclosures "without awaiting a discovery

21  request" (Fed. R. Civ. P. 26(a)(1)) and (ii) confer on a discovery plan at least

22  twenty-one (21) days before the scheduling conference (Fed. R. Civ. P. 26(f)).

23  The Court encourages Counsel to agree to begin to conduct discovery actively

24  *before* the Scheduling Conference. At the very least, the parties shall comply

25  fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and

26  produce most of what would be produced in the early stage of discovery. At the

27  scheduling conference the Court will impose strict deadlines to complete discovery.

28  \\\

**5.    Participation of Lead Trial Counsel and Unrepresented Parties.**

Lead trial counsel and any unrepresented parties must attend the scheduling conference, unless excused by the Court for good cause prior to the conference.

**6.    Continuance.**  A request to continue the scheduling conference will be granted only for good cause. The parties should plan to file the Joint Rule 26(f) Report on the original due date even if a continuance is granted. The Court will not continue the scheduling conference to allow the parties to explore settlement.

**7.    Vacating the Conference.**  The Court may vacate the scheduling conference and issue a case management order based on the Joint Rule 26(f) Report.

**B.    <u>PARTIES MUST PREPARE AND FILE A JOINT RULE 26(f) REPORT</u>**

The Joint Rule 26(f) Report must be filed not later than fourteen (14) days before the scheduling conference. A Mandatory Chambers Copy of the Joint Rule 26(f) Report must be delivered to Judge Garnett's box outside of the Clerk's Office on the fourth floor of the courthouse by 12:00 p.m. (noon) the day after the Joint Rule 26(f) Report is filed. The Report shall be drafted by plaintiff (unless plaintiff is a Pro Se Litigant or the parties agree otherwise) but shall be submitted and signed jointly. "Jointly" means a single report, regardless of how many separately-represented parties exist in the case. The Joint Rule 26(f) Report shall specify the date of the Mandatory Scheduling Conference on the caption page. Under the title, it shall list the dates of the (1) Original Complaint; (2) Removal (if removed); (3) Responsive Pleading; (4) and Trial (Proposed). The Joint Rule 26(f) Report shall report all the following information, which include those required to be discussed by Rule 26(f) and Local Rule 26, and use numbered section headings and lettered sub-headings that correspond to those below:

**1.    Statement of the Case:**  A short synopsis (not to exceed two pages) of the main claims, counterclaims, affirmative defenses, and procedural history.

\\\

**2.    Subject Matter Jurisdiction:**  A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction. For federal question jurisdiction, cite the federal law under which the claim arises. For diversity jurisdiction, state each party's citizenship and the amount in controversy.

**3.    Legal Issues.**  A brief description of all key legal issues, including any significant procedural, substantive, or evidentiary issues.

**4.    Parties, Evidence, etc.**  A list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

**5.    Damages.**  The realistic range of provable damages.

**6.    Insurance.**  Whether insurance coverage exists, the extent of coverage, and whether there is or will be a reservation of rights.

**7.    Motions:**

**(a)    Procedural Motions.**  A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the court's jurisdiction.

**(b)    Dispositive Motions.**  A description of the issues or claims that any party believes may be determined by motion to dismiss or motion for summary judgment. The parties should refer to the Court's Standing Order for Motions for Summary Judgment for specific guidelines governing summary judgment motions.

**(c)    Class Certification Motion.**  For a putative class action, the Court will set a deadline for hearing the class certification motion. The motion must be filed sufficiently far in advance of the deadline to allow for: (1) at least three weeks between the filing of the reply and the hearing; (2) four weeks for the opposition; and (3) two weeks for the reply. The parties must act diligently and begin discovery immediately, because the motion must be filed not later than 120 days from the date originally set for the scheduling conference, unless the Court orders otherwise. Any request for additional time beyond the 120 days

1    must be supported by a detailed "Class Certification Plan" –attached as an

2    exhibit at the end of the Report– showing all anticipated activity and the

3    corresponding date for each activity, up to the hearing on the motion. The failure

4    to provide the Class Certification Plan will result in the denial of additional time.

5        **8.    Manual for Complex Litigation:** Whether all or part of the procedures

6    of the Manual for Complex Litigation should be utilized.

7        **9.    Discovery.**

8        **(a)    Status of Discovery.** A discussion of the present state of discovery,

9    including a summary of pending and completed discovery, and any current or

10    anticipated disputes.

11        **(b)    Discovery Plan.** A detailed discovery plan, as contemplated by

12    Fed. R. Civ. P. 26(f). State what, if any, proposed changes in the disclosures under

13    Fed. R. Civ. P. 26(a) should be made; the subject(s) on which discovery may be

14    needed and whether discovery should be conducted in phases or otherwise be

15    limited; whether applicable limitations should be changed or other limitations

16    imposed; and whether the Court should enter other orders. A general statement

17    to the effect that discovery will be conducted on all claims and defenses is

18    unacceptable.

19        **(c)    Discovery Cut-off:** A proposed discovery cut-off date governing

20    the completion of all fact discovery, including resolution of all discovery motions.

21        **(d)    Expert Discovery:** Proposed dates for expert witness disclosures

22    (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).

23        **(e)    Settlement Conference/Alternative Dispute Resolution (ADR).**

24    A statement of what settlement negotiations have occurred, excluding any

25    statement of the terms discussed. If a Notice to Parties of Court-Directed ADR

26    Program (Form ADR-08) was filed in this case, the court will refer the matter

27    for ADR. The parties must state their preference in the Joint Rule 26(f) Report for:

28    (i) the Magistrate Judge, (ii) the Court Mediation Panel, or (iii) a private mediator

1    (at the parties' expense). The court will exercise its discretion to select an

2    ADR option for the parties if they fail to state a preference. No case will

3    proceed to trial unless all parties, including an officer of all corporate parties

4    (with full authority to settle the case), have appeared personally and participated

5    in an ADR proceeding.

6        **(f)**    **Trial:**

7            **i.**    **Trial Estimate.**  Provide a realistic estimate, in days, of the

8    court time required for trial and whether trial will be by jury or by court. Each side

9    should specify (by number, not by name) how many witnesses it contemplates

10   calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds

11   four court days, counsel shall be prepared to discuss in detail the basis for the

12   estimate.

13           **ii.**    **Jury or Court Trial.**  Specify whether trial will be by jury or

14   by court. The default will be a court trial if the parties fail to specify.

15           **iii.**    **Consent to Trial Before a Magistrate Judge.**  Whether

16   the parties agree to try the case (either by jury or court trial) before a magistrate

17   judge. *See* 28 U.S.C. § 636 (requiring party consent). The parties are strongly

18   encouraged to consider consenting to trial before a Magistrate Judge. One

19   benefit to giving such consent is that the parties almost always will be able to

20   proceed to trial sooner than on a District Court Judge's calendar. Additionally,

21   the parties are free to select from among all Magistrate Judges available for

22   this purpose, not just the Magistrate Judge assigned to the parties' case. The

23   Magistrate Judges have experience and expertise in a variety of areas, including

24   patent and trademark litigation. If the parties consent to trial before a Magistrate

25   Judge, the parties may choose any Magistrate Judge identified on the Central

26   District website and submit the appropriate consent form.

27           **iv.**    **Lead Trial Counsel.**  List the name of the attorney who

28   will serve as lead trial counsel, as well as other attorneys who will participate

1  in the trial. Only one attorney for a party may be designated as lead trial counsel

2  unless otherwise permitted by the Court. If a second lead trial counsel is permitted

3  by the Court, both counsels must attend the Pretrial Conference.

4      **(g)**   **Independent Expert or Master:** State whether this is a case

5  in which the Court should consider appointing a master pursuant to Fed. R.

6  Civ. P. 53 or an independent scientific expert. The appointment of a master

7  may be especially appropriate if there are likely to be substantial discovery

8  disputes, numerous claims to be construed in connection with a summary

9  judgment motion, a lengthy *Daubert* hearing, a resolution of a difficult

10  computation of damages, etc.

11      **(h)**   **Other Issues:** A statement of any other issues affecting case

12  management, including unusually complex technical issues, related litigations,

13  disputes over protective orders, extraordinarily voluminous document

14  production, non-English speaking witnesses, reasonable ADA accommodations,

15  discovery in foreign jurisdictions, the applicability of foreign law, the advanced

16  age or health of parties or key witnesses, and any proposals concerning severance,

17  bifurcation, or other ordering of proof.

18  **C.**   **<u>PARTIES MUST PREPARE AND FILE SCHEDULE OF PRETRIAL</u>**

19      **<u>AND TRIAL DATES WORKSHEET.</u>**

20      Complete the text-fillable Schedule of Pretrial and Trial Dates Worksheet

21  ("Worksheet"), which is available at the bottom of Judge Garnett's webpage,

22  <u>https://www.cacd.uscourts.gov/honorable–sherilyn–peace–garnett</u>. **Counsel**

23  **must email the text-fillable Worksheet to Chambers** at

24  SPG_chambers@cacd.uscourts.gov along with your Joint Rule 26(f) Report.

25  The Court will then issue an order setting the schedule governing this case.

26  Therefore, the parties must make every effort to agree on all pretrial and trial dates.

27      **1.**   **Weeks Before FPTC.** The "Weeks Before FPTC" column reflect

28  what the Court believes is appropriate for most cases and will allow the Court

1   to rule on potentially dispositive motions sufficiently in advance of the Final

2   Pretrial Conference. However, counsel may ask for earlier last dates by which

3   the key requirements must be completed. Each date should be stated as month,

4   day, and year, e.g., 10/15/2019.

5        **2.    Hearings.**  Hearings shall be on Wednesdays at 1:30 p.m. The Final

6   Pretrial Conference shall be at 3:00 p.m. Other deadlines (those not involving

7   the Court) can be any day of the week. Counsel must avoid holidays. The Court

8   may order different dates than those requested.

9        **3.    Discovery Cut-Off Date.**  The discovery cut-off date is the last day

10  by which all depositions must be completed, responses to previously served

11  written discovery must be provided, and motions concerning discovery disputes

12  must be heard.

13       **4.    Motions Cut-off.**  The cut-off date for motions is the last date on

14  which motions may be heard, not filed.

15       **5.    Additional Dates.**  If the parties wish the Court to set dates in addition

16  to those on the Worksheet, they may so request by a separate Stipulation and

17  Proposed Order. This is often appropriate for class actions, patent cases, and

18  ERISA cases. For ERISA Cases Involving Benefits Claims, the parties may

19  receive a scheduling conference order as a matter of course. Because the ordinary

20  pretrial and trial schedule does not apply to these ERISA cases, the parties

21  need only submit a joint status report identifying any special issues that should

22  should be considered. The parties should proceed with the preparation of the

23  administrative record and briefing without delay upon service of the complaint.

24  A court trial, ordinarily limited to oral argument on the administrative record, will

25  be scheduled within six months from the filing of the original complaint, unless

26  good cause for additional time is shown in the status report. If the Court

27  concludes that the decision would not benefit from oral argument, the matter

28  may be submitted for decision on the papers.

1  **D.    COUNSEL MUST DELIVER ORDER TO CLIENTS.**  Counsel are

2  ordered to deliver to their clients a copy of this Order, which will contain

3  the schedule that the Court sets at the scheduling conference. This and all other

4  generally applicable orders of this court are available on the Central District of

5  California website, www.cacd.uscourts.gov . The Local Rules are also available

6  on the court's website at https://www.cacd.uscourts.gov/court–procedures

7  /local–rules.

8       The Court thanks the parties and their counsel for their anticipated

9  cooperation.

10      **IT IS SO ORDERED.**

11

12  Dated:  August 29, 2024

13

14

15  _____
   HON. SHERILYN PEACE GARNETT
   UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28