1  DORSEY & WHITNEY LLP
   J. Michael Keyes (SBN 262281)
2    keyes.mike@dorsey.com
   Connor J. Hansen (*pro hac vice*)
3    hansen.connor@dorsey.com
   701 Fifth Avenue, Suite 6100
4  Seattle, WA 98104
   Telephone: 206.903.8800
5  Facsimile: 206.903.8820

6  DORSEY & WHITNEY LLP
   Kent J. Schmidt (SBN 195969)
7    schmidt.kent@dorsey.com
   600 Anton Boulevard, Suite 200
8  Costa Mesa, CA 92626
   Telephone: 714.800.1400
9  Facsimile: 714.800.1499

10 *Attorneys for Plaintiff AXS Group LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXS GROUP LLC,<br><br>  Plaintiff,<br><br>v.<br><br>EVENT TICKETS CENTER, INC., VIRTUAL BARCODE DISTRIBUTION LLC, ALTAN TANRIVERDI, and SECURE.TICKETS,<br><br>  Defendants. | Case No. 2:24-CV-00377-SPG (Ex)<br><br>**JOINT RULE 26(F) REPORT**<br><br>Hon. Sherilyn Peace Garnett<br><br>Scheduling Conference<br>Date: October 2, 2024<br>Time: 3:00 pm<br>Courtroom: 5C<br><br>Complaint Filed: January 16, 2024<br>Amended Complaint filed: May 6, 2024<br><br>Defendant Virtual Barcode Distribution LLC's Answer filed: August 2, 2024<br>Defendant Event Tickets Center Inc.'s Answer filed: August 28, 2024<br><br>Proposed Trial Date: December 2, 2025 |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's Order Setting Scheduling Conference, Dkt. 70, Plaintiff AXS Group LLC ("Plaintiff" or "AXS") and Defendants Event Tickets Center, Inc. ("ETC") and Virtual Barcode Distribution LLC ("VBD") respectfully submit this Joint Rule 26(f) Report, following their meeting of counsel on September 11, 2024.

Defendants Altan Tanriverdi and Secure.Tickets have not appeared in this case. Plaintiff was unable to meet and confer with these Defendants or obtain their input for this Joint Report.

**1. Statement of the Case.**

<u>Joint Procedural Background</u>

Plaintiff filed its Complaint on January 16, 2024, Dkt. 1, and a First Amended Complaint on May 6, 2024. Dkt. 39. Plaintiff asserts nine claims against Defendants: (1) federal copyright infringement; (2) violation of the Digital Millenium Copyright Act; (3) trademark counterfeiting; (4) federal trademark infringement; (5) federal false designation of origin and unfair competition; (6) unfair competition under California law; (7) common law false designation of origin and unfair competition; (8) civil conspiracy; and (9) breach of contract. Plaintiff seeks the following remedies: (1) monetary damages; (2) attorneys' fees and costs as permitted under the Lanham Act, the Copyright Act; (3) treble damages under the Lanham Act; (4) preliminary and permanent injunctive relief and (5) other and further relief as the Court deems just and equitable.

Defendant VBD answered the First Amended Complaint on August 2, 2024. Dkt. 65. VBD does not assert any counterclaims. VBD asserts twenty-five affirmative defenses and denies that Plaintiff is entitled to any relief.

Defendant ETC answered the First Amended Complaint on August 28, 2024. Dkt. 68. ETC does not assert any counterclaims. ETC asserts seventeen affirmative defenses and denies that Plaintiff is entitled to any relief.

Plaintiff's Statement

AXS provides proprietary ticketing software and services including through a website and mobile application (the "AXS Platform") to market, sell and distribute tickets on behalf of its event organizer clients, and delivers digital tickets to end user customers who purchased tickets on the AXS Platform. These tickets are branded with AXS trademarks, and AXS owns valid and subsisting copyright registrations in the mobile application. AXS has developed proprietary security features to ensure that AXS digital tickets are associated with the consumers who purchased them and ensure that consumer data is protected.

Defendants operate third-party ticket retail platforms and/or ticket delivery services, that sell counterfeit tickets that purport to be authentic AXS tickets. These counterfeit tickets bear Plaintiff's trademarks and were created, in whole or in part by one or more of the Defendants mimicking, emulating, or copying tickets from the AXS Platform, without Plaintiff's permission or consent. Further, the Defendant Event Tickets Center, Inc. has also represented to consumers that they are using AXS's proprietary technology to sell, resell, deliver, or transfer tickets, when they are in fact circumventing AXS's technology.

Defendants' Statements

ETC's Statement: As detailed in ETC's Answer, ETC knows nothing about the accused conduct. ETC is not involved in any "counterfeit" operation, but operates a marketing website at https://www.eventticketscenter.com/, through which customers may locate legitimate tickets to numerous events. In addition, Plaintiff is also wrong that ETC is involved in "retail" or "delivery." Third party brokers are responsible for retailing and delivering tickets. ETC merely provides a marketing service and never has possession or control of any ticket. To the extent Plaintiff insists on attempting to hold ETC responsible for the conduct of others, ETC has raised important defenses, including fair use and 47 U.SC. § 230. ETC contemplates filing a dispositive motion at the appropriate time to be dismissed from the case.

VBD's Statement: VBD has never knowingly sold, facilitated, participated in, allowed, delivered or otherwise been complicit in the production, marketing, advertising or distribution of counterfeit tickets. Further, VBD's business does not involve purchasing, selling or distributing any tickets whatsoever. VBD is a third-party digital ticket **authentication** service, i.e., when original buyers of legitimate event tickets from primary ticket platforms (such as AXS), desire to resell those tickets outside of the primary platform, VBD enables the downstream purchasers to authenticate the legitimacy of the ticket. In doing so, VBD does not exercise any of the rights reserved to copyright or trademark holders. All other aspects of the transaction have nothing to do with VBD.

**2. Subject Matter Jurisdiction.**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and § 1338 because this dispute concerns the rights of parties under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq*. and has supplemental jurisdiction over all state claims under 28 U.S.C. § 1367.

**3. Legal Issues.**

Plaintiff's Position

The central issues in this case are likely to be: (1) whether AXS' trademarks have been infringed; (2) whether AXS' copyrights have been infringed; (2) whether Defendants have violated the Digital Millenium Copyright Act; (4) whether Defendants are liable for trademark counterfeiting; (5) whether Defendants have breached AXS' Terms of Use; (6) whether Defendants are liable for false designation of origin and unfair competition; (7) whether Defendants are liable for conspiracy; (8) the amount Plaintiff is entitled to recover in damages; (9) the scope of a permanent injunction against Defendants; (10) the amount of attorneys' fees and costs Plaintiff is entitled to recover; and (11) whether any of Defendants' affirmative defenses are legally sufficient. Plaintiff is still investigating its claims and reserves the right to raise additional issues or claims as this case progresses.

Defendants' Position

ETC's Statement: As detailed above, ETC is not involved with any of the accused conduct. Key legal issues include whether Plaintiff may attempt to hold ETC responsible for the conduct of others and whether ETC is protected by 47 U.SC. § 230 ("No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."). In addition, there appears to be a significant question of fair use. In *Sega Enterprises Ltd. v. Accolade, Inc.*, 977 F.2d 1510 (9th Cri. 1992), the Ninth Circuit held that the doctrine of fair use prevents the use of both copyright and trademark law to restrict access to the functional aspects of a product. Here, while ETC has no knowledge of or involvement in the alleged infringements, it appears from the Complaint that Plaintiff is attempting to use copyright and trademark to restrict access to functional aspects of event tickets, such as the ability to enter an event.

VBD's Statement: The key legal issues as it relates to VBD is whether Plaintiff can hold VBD liable for simply accessing the AXS platform for the purpose of authenticating the legitimacy of event tickets purchased therefrom. Legal issues involved in that determination include, but are not limited to (1) whether VBD's acts constitute a fair use; (2) whether the first sale doctrine bars Plaintiff's infringement claims; (3) whether AXS permitted the acts complained of in the First Amended Complaint; (4) whether Plaintiff's attempt to enforce its trademark rights violate antitrust laws; and (5) whether Plaintiffs may hold VBD responsible and liable for the conduct of others for which VBD had no knowledge of, participation in, or was otherwise complicit in.

**4. Parties, Evidence, etc.**

Parties:

Plaintiff AXS is a Delaware limited liability company with its principal place of business at 425 W. 11th Street, Los Angeles, CA 90015. AXS is a subsidiary of

1  Anschutz Entertainment Group Inc., a Colorado corporation with its principal place
2  of business at 800 W. Olympic Blvd. Suite 305, Los Angeles, CA 90015.
3        Defendant Event Tickets Center, Inc. is a Florida corporation with its principal
4  address at 308 West University Avenue, Suite B, Gainesville, FL 32601.
5        Defendant Virtual Barcode Distribution LLC is a New York limited liability
6  company with its registered address at 42 Potter Lane, Great Neck, NY 11024.
7        Defendant Altan Tanriverdi ("Tanriverdi") is an individual who operates a
8  digital ticket retail and/or delivery service through the domain name amosa.app.
9  Plaintiff is unaware of Tanriverdi's current physical address, and Plaintiff has filed a
10 Motion for Alternative Service of Process, which the Court has taken under
11 consideration. Dkt. 53.
12       Defendant Secure.Tickets operates a digital ticket retail and/or delivery service
13 through the domain secure.tickets. Namecheap Inc. acted as the registrar for the
14 secure.tickets domain and the contact information provided therein is "Redacted for
15 Privacy."
16       Plaintiff AXS and Defendants VBD and ETC are hereinafter referred to as "the
17 Parties."
18 Percipient Witnesses:
19    *Plaintiff's Statement:*
20    Percipient witnesses will likely include:
21       • Alex Hazboun, Chief Technology Officer of AXS, who can be contacted
22         through Plaintiff's counsel of record;
23       • ETC's persons knowledgeable regarding the claims and/or defenses
24         raised by the Parties in this matter;
25       • VBD's persons knowledgeable regarding the claims and/or defenses
26         raised by the Parties in this matter;
27       • Secure.Tickets' persons knowledgeable regarding the claims and/or
28         defenses raised by the Parties in this matter;

- Altan Tanriverdi and/or other related persons knowledgeable regarding the claims and/or defenses raised by the Parties in this matter;
- Currently unknown witnesses of any Party, including, without limitation, their agents, consultants, employees, former employees, predecessors-in-interest and licensees, or any third party who may have knowledge of the allegations, claims, counterclaims, or defenses raised by either Party in this matter;
- Individuals specifically identified by the Parties in their forthcoming Initial Rule 26 Disclosures;
- Any expert witnesses that the Parties may disclose; and
- Additional percipient witnesses identified in the course of discovery.

*Defendants' Statements:*

ETC's Statement: ETC reserves the right to call any witness identified by Plaintiff and to designate expert witnesses to respond to Plaintiff's experts. ETC will likely also call an ETC company representative to testify regarding its own business. This representative should be contacted only through counsel.

VBD's Statement: VBD intends to examine and conduct discovery in connection with all witnesses and experts identified by the Plaintiff or the other defendants, including but not limited to those identified herein, initial disclosures, and later identified in discovery. A representative will by identified by VBD to testify on its behalf. Any representative identified by VBD shall be contacted through counsel.

Key Evidence and Documents:

Plaintiff's Statement: Key documents will likely include and/or relate to:

- Documents relating to Plaintiff's business, organization, and mission.
- Documents sufficient to establish the validity and enforceability of Plaintiff's copyright registrations relating to the AXS Platform.

- Documents sufficient to show Defendants' generation, marketing, sale, distribution, and/or display of tickets that infringe Plaintiff's copyrights.
- Documents sufficient to establish Plaintiff's common law and registered trademark rights in the AXS Marks.
- Documents sufficient to establish the validity and enforceability of Plaintiff's rights in and to the AXS Marks.
- Documents sufficient to show a likelihood of confusion caused by Defendants marketing, sale, and/or distribution of tickets bearing the AXS Marks or otherwise using the AXS Marks.
- Documents sufficient to establish the validity and enforceability of the AXS Terms of Use.
- Counterfeit tickets marketed, sold, and/or distributed by Defendants.
- Consumer complaints relating to tickets marketed, sold, and/or distributed by Defendants.
- Documents relating to the harm Defendants' conduct has caused, or is likely to cause, to Plaintiff.
- Documents relating to Plaintiff's damages.
- Documents relating to Defendants' affirmative defenses.

ETC's Statement:  ETC reserves the right to rely upon any document in the possession, custody, or control of Plaintiff that relates to Plaintiff's claims.  In addition, ETC will rely upon documents relating to its own business and affirmative defenses.

VBD's Statement: VBD reserves the right to use any document in the possession, custody, or control as identified herein, initial disclosures, or later identified in discovery of the Plaintiff that pertains to the Plaintiff's claims. Additionally, VBD will rely on documents related to its own business and affirmative defenses

**5. Damages.**

The Parties disagree as to whether and to what extent any type of relief and/or amount of damages is warranted in this matter.

<u>Plaintiff's Position</u>

Plaintiff AXS has incurred actual damages. The calculation of these damages will depend on information not yet exchanged by the Parties (e.g., profit margins, market share, sales totals, etc.). Plaintiff believes that some of the information relating to its actual damages for its claims is within Defendants' possession, custody, or control. Plaintiff requires damages discovery before assessing the realistic range of actual damages. Plaintiff also seeks its attorneys' fees and costs, which will continue to increase as this case progresses.

Plaintiff may elect to recover statutory damages for its copyright infringement claims. The range of statutory damages is $750 to $30,000 per infringed work or up to $150,000 per work if the Court finds Defendants' infringement willful, 17 U.S.C. § 504. Plaintiff also intends to seek recovery of its attorneys' fees and costs as permitted under, at least, the Copyright Act and the Lanham Act.

<u>Defendants' Positions</u>

ETC's Statement: ETC denies that Plaintiff has suffered any damages based on ETC's conduct. ETC also intends to seek recovery of its attorneys' fees and costs as permitted.

VBD's Statement: Because VBD has caused no harm to Plaintiff and has violated no legal obligation, there is no realistic prospect of damages. VBD believes Plaintiff has suffered no actual damages and has failed to articulate any plausible, non-speculative theory of actual damages. VBD believes statutory damages and attorney's fees will be unavailable under the Copyright Act. Further Plaintiff's damages claims will be further limited by 15 U.S.C. § 1114(2), Cal. Bus. Prof. Code § 17200, and the Due Process Clause of the United States Constitution and/or the

California Constitution. VBD will seek the recovery of its attorney' fees and costs to the extent permitted by this Court.

**6. Insurance.**

Plaintiff is not aware of any applicable insurance coverage for the claims at issue in this lawsuit.

ETC is not aware of any applicable insurance coverage for the claims at issue in this lawsuit.

VBD is currently not aware of any applicable insurance coverage as it relates to any of the claims or defenses in the Amended Complaint.

**7. Motions.**

**(a) Procedural Motions.**

Plaintiff filed an *Ex Parte* Application for An Order Granting Leave for Expedited Discovery on January 17, 2024. Dkt. 14. Plaintiff also filed a Motion for Preliminary Injunction on January 16, 2024. Dkt. 11. The Court granted the *Ex Parte* Application in part, authorizing Plaintiff to issue Rule 45 subpoenas on third-party domain-name registrars, and struck Plaintiff's Motion for Preliminary Injunction on January 24, 2024. Dkt. 18. Following the January 24, 2024 order, Plaintiff issued Rule 45 subpoenas to learn the true identities of several of the defendants and filed a First Amended Complaint on May 6, 2024 to name those defendants. Dkt. 39. On July 22, 2024, Plaintiff voluntarily dismissed Defendant Internet Referral Services LLC without prejudice. Dkt. 62.

Plaintiff is still investigating this case and anticipates that it may file a Second Amended Complaint to add one or more parties. Plaintiff will do so with Defendants' consent or with leave of Court.

Plaintiff's Statement: Based on information currently known, Plaintiff does not anticipate filing any motions challenging the Court's jurisdiction or seeking to transfer venue.

ETC's Statement: ETC is contemplating whether to file a motion to challenge venue and/or to compel arbitration.

VBD's Statement: VBD reserves the right to file or join in any motion to challenge venue or compel arbitration.

**(b) Dispositive Motions.**

The Parties may file motions for summary judgment and/or summary adjudication on Plaintiff's claims and/or Defendants' affirmative defenses at an appropriate time.

ETC's Statement: As discussed above, ETC plans to file important dispositive motions.

VBD's Statement: VBD anticipates filing motions for summary judgment or partial summary judgment on multiple issues, including but not limited to:

- Whether one or more of Plaintiff's state law claims is preempted by the Copyright Act, 17 U.S.C. §301;
- Whether VBD's actions alleged in this case constitute fair use of any copyright works being asserted under the Copyright Act or trademark under the Lanham Act;
- Whether Plaintiff is entitled, in whole or in part, to statutory damages and/or attorney's fees under the Copyright Act;
- Whether Plaintiff's claims to actual damages are impermissibly speculative.

Because of the many issues presented in the case, VBD requests that it be allowed either to file several motions in stages, addressing one portion of the case at a time, or, alternatively, that it be allowed to exceed the normal page limits for motion briefing. Additionally, at the close of discovery, VBD intends to review the propriety of summary judgment as to any remaining claims.

**8. Manual for Complex Litigation.**

The Parties do not believe that this is a complex case and do not anticipate the need to adopt any provisions or procedure of the Manual for Complex Litigation.

**9. Discovery:**

    **(a) Status of Discovery.**

As of the filing date of this Joint Report, the Parties have not yet started discovery. The Parties agree to exchange Initial Disclosures no later than September 25, 2024.

    **(b) Discovery Plan.**

The Parties agree that the Federal Rules of Civil Procedure should control the type and quantity of discovery allowed to the parties. The Parties intend to utilize standard written discovery, including Interrogatories, Requests for Production of Documents, and/or Requests for Admission. The Parties do not propose limitations on the scope or timing of discovery other than as set forth in the Federal Rules and Local Rules. The Parties do not propose changes in the disclosures under Fed. R. Civ. P. 26(a).

The Parties anticipate that discovery will be required on at least the following issues: (1) the validity, enforceability, and scope of Plaintiff's copyright registrations; (2) the validity and enforceability of Plaintiff's trademarks; (3) the enforceability of Plaintiff's Terms of Use; (4) Plaintiff's technological measures designed to protect the AXS Platform and content contained therein; (5) whether and the extent to which Defendants knew of Plaintiff's copyrights, trademarks, and Terms of Use; (6) whether and the extent to which Defendants copied, displayed, or otherwise infringed Plaintiff's copyright-protected content; (7) the extent of Defendants' use of Plaintiff's trademarks and whether such use is likely to cause consumer confusion; (8) whether and the extent to which Defendants circumvented Plaintiff's technological measures; (9) consumer complaints relating to counterfeit tickets marketed, sold, or distributed by Defendants; (10) the Parties' financial information,

including marketing expenditure, sales, and revenue information; (11) Defendants' knowledge of, relationships with, and coordination with the other Defendants; and (12) whether Defendants' affirmative defenses preclude liability or damages. The Parties' investigation into this case is ongoing and discovery into additional matters may be needed.

The Parties anticipate submitting a Stipulated Procedure for the Production of Electronically Stored Information for the Court's approval that will address the preservation of responsive information and the forms in which such information is to be produced. The Parties also anticipate submitting a Stipulated Protective Order for the Court's approval to govern the disclosure and use of any confidential information. The Parties' Stipulated Protective Order will specify procedures for addressing any inadvertently produced information that is subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The Parties agree that any attorney-client communications to/from, or work product prepared by, counsel of record, in-house counsel, testifying experts, or consulting experts in this case that are dated after the filing of the Complaint in this action need not be produced or listed on a privilege log.

**(c) Discovery Cut-off:**

The Parties' proposed fact discovery cutoff is included in the attached **Exhibit A**.

**(d) Expert Discovery:**

The Parties agree that expert discovery should take place in accordance with Federal Rule of Civil Procedure 26(a)(2) and the schedule set forth in **Exhibit A** to this report.

**(e) Settlement Conference/Alternative Dispute Resolution (ADR):**

The Parties agree to select ADR Procedure No. 3 (private mediation). The parties have not yet scheduled a private mediation.

Plaintiff had several settlement discussions with Defendant Internet Referral Services LLC, which resulted in Plaintiff voluntarily dismissing Defendant Internet Referral Services LLC. Dkt. 62. Plaintiff and ETC have had several settlement discussions via email and video-conference but have not reached an agreement. Plaintiff and VBD have similarly had settlement discussions via email and video-conference but have not reached an agreement.

**(f) Trial:**

    **i. Trial Estimate**

The Parties estimate that trial will require 8 court days in this matter since there are multiple unrelated defendants, though the Parties may seek to revisit that estimate after further development on the scope of the action. Plaintiff currently contemplates calling 4-6 witnesses in its case in chief. Defendant ETC contemplates calling 4-6 witnesses. Defendant VBD anticipates calling 4-6 witnesses.

    **ii. Jury or Court Trial**

Plaintiff, ETC, and VBD have demanded a jury trial.

    **iii. Consent to Trial before a Magistrate Judge**

The Parties do not consent to trial before a Magistrate Judge.

    **iv. Lead Trial Counsel**

Plaintiff anticipates that J. Michael Keyes, of Dorsey & Whitney LLP, will be its lead trial counsel. Connor J. Hansen and Kent Schmidt of Dorsey & Whitney LLP, will also represent Plaintiff at trial.

Defendant ETC anticipates that Chris Marchese of Fish & Richardson will be lead trial counsel and John Thornburgh of Fish & Richardson will also represent ETC at trial.

Defendant VBD anticipates that Michael N. Cohen will be lead trial counsel and Vikram Amritraj will also represent VBD at trial.

**(g) Independent Expert or Master:**

The Parties do not currently believe that appointment of an independent expert or master is necessary in this case.

**(h) Other Issues:**

The Parties agree that all documents may be served via email to counsel of record for the opposing party.

The Parties have no other issues to bring to the Court's attention at this time.

Dated: September 18, 2024                DORSEY & WHITNEY LLP

By: /s/ J. Michael Keyes
J. Michael Keyes (SBN 262281)
  keyes.mike@dorsey.com
Connor J. Hansen (*pro hac vice*)
  hansen.connor@dorsey.com
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  schmidt.kent@dorsey.com
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Plaintiff AXS Group LLC*

Dated: September 18, 2024                FISH & RICHARDSON P.C.

By: /s/ John Thornburgh
John Thornburgh (SBN 154627)
*thornburgh@fr.com*
12860 El Camino Real Suite 400
San Diego, CA 92130
Telephone: 858.678.4312
Facsimile: 858.678.5099

Christopher S. Marchese (SBN 170239)
*marchese@fr.com*

|   |   |
|---|---|
|   | 4695 MacArthur Court Suite 1100<br>Newport Beach, CA 92260<br>Telephone: 213.533.4240 |
|   | *Attorneys for Defendant Event Tickets Center, Inc.* |
| Dated: September 18, 2024 | COHEN IP LAW GROUP |
|   | By: */s/ Michael N. Cohen*<br>Michael N. Cohen (SB# 225348)<br>mcohen@cohenip.com<br>9025 Wilshire Boulevard, Suite 301<br>Beverly Hills, CA 90211<br>Phone: (310) 288-4500<br>Fax: (310) 246-9980 |
|   | *Attorneys for Defendant Virtual Barcode Distribution LLC* |

## LOCAL RULE 5-4.3.4 ATTESTATION

The e-filing attorney hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

　　　　　　　　　　　　　　　　*/s/ J. Michael Keyes*
　　　　　　　　　　　　　　　　J. Michael Keyes, SBN 262281

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2024, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record. Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

                              */s/ J. Michael Keyes*
                              J. Michael Keyes, SBN 262281

**JUDGE SHERILYN PEACE GARNETT**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
*The Court **ORDERS** the parties to make every effort to agree on dates.*

| Case No. 2:24-CV-00377-SPG (Ex) | Case Name: AXS Group LLC v. Event Tickets Center, Inc et al | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
| Check one: [✓] Jury Trial or [ ] Court Trial [ ] Magistrate Judge (*Tuesday* at 8:30 a.m., within 12 months of Scheduling Conference) Estimated Duration: 8 Days | | 12/02/2025 | [ ] Jury Trial [ ] Court Trial |
| Final Pretrial Conference ("FPTC") [L.R. 16] (Wednesday at 3:00 p.m., at least 18 days before trial) | | 11/12/2025 | |
| **Event** [1] **Note:** Hearings shall be on **Wednesday** at 1:30pm Other dates can be any day of the week | **Weeks Before FPTC**[2] | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
| Last Date to Hear Motion to Amend Pleadings / Add Parties [Wednesday] | | 01/22/2025 | |
| Fact Discovery Cut-Off (No later than deadline for filing dispositive motion) | 18 | 06/03/2025 | |
| Expert Disclosure (Initial) | 16 | 06/17/2025 | |
| Expert Disclosure (Rebuttal) | 14 | 07/08/2025 | |
| Expert Discovery Cut-Off | 14[2] | 07/29/2025 | |
| Last Date to Hear Motions [3] • Motions due at least 4 weeks before hearing; • Opposition due 2 weeks after motion is filed before hearing; • Reply due 1 week after Opposition is filed | 12 | 09/10/2025 | |
| Last Date to Hear *Daubert* Motions | 8 | 09/10/2025 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: [ ] 1. Magistrate Judge *(with Court approval)* [ ] 2. Court's Mediation Panel [✓] 3. Private Mediation | 5 | 10/08/2025 | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |
| **Trial Filings (first round)** • Motions *In Limine* (except *Daubert*) • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only) • Declarations containing Direct Testimony, if ordered (court trial only) ) | 4 | 10/15/2025 | |
| **Trial Filings (second round)** • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Additional Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations. of Direct Testimony (court trial only) | 2 | 10/29/2025 | |

[1] Once issued, this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)4).

[2] The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions and ERISA cases may need to vary from the above.

[3] Before filing Rule 56 motions, parties must review and comply with the Court's Standing Order for MSJ, which sets forth the briefing schedule and specific requirements for joint briefing and filing such motions