DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
  keyes.mike@dorsey.com
Connor J. Hansen (*pro hac vice*)
  hansen.connor@dorsey.com
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile:  206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  schmidt.kent@dorsey.com
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone:  714.800.1400
Facsimile:   714.800.1499

*Attorneys for Plaintiff AXS Group LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AXS GROUP LLC,<br><br>            Plaintiff,<br><br>v.<br><br>EVENT TICKETS CENTER, INC., VIRTUAL BARCODE DISTRIBUTION LLC, ALTAN TANRIVERDI, and SECURE.TICKETS,<br><br>            Defendants. | Case No. 2:24-CV-00377-SPG (Ex)<br><br>**PLAINTIFF'S UNOPPOSED NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Filed concurrently with:<br>1. Declaration of J. Michael Keyes;<br>2. [Proposed] Order<br><br>Honorable Sherilyn Peace Garnett<br>Date:  December 4, 2024<br>Time: 1:30 p.m.<br>Courtroom: 5C<br><br>First Amended Complaint filed:<br>May 10, 2024 |

PLEASE TAKE NOTICE THAT on December 4, 2024 at 1:30 p.m., or as soon thereafter as this matter may be heard, before the Honorable Sherilyn Pease Garnett in Courtroom 5C of the United States District Court for the Central District of California, Western Division, located at 350 West 1st Street, Los Angeles, CA 90012, Plaintiff AXS Group LLC ("Plaintiff" or "AXS") will, and hereby does, move the Court for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15 and 20.

In support of this Motion, Plaintiff submits the following Memorandum of Points and Authorities, the Declaration of J. Michael Keyes, and the Proposed Order filed concurrently herewith, the contents of the Court's file to date, and such further evidence and argument as may be presented at the hearing, if any, on this Motion.

Through this Motion, Plaintiff seeks leave to file the Second Amended Complaint, which is attached as **Exhibit 1** to the Keyes Declaration submitted herewith. For the convenience of the Court and the Parties, Plaintiff has also submitted a redlined version of the Second Amended Complaint, showing how it compares to the First Amended Complaint, as **Exhibit 2** to the Keyes Declaration.

The Second Amended Complaint contains two main changes. *First*, the removal of Defendant Internet Referral Services, Inc. who Plaintiff previously voluntarily dismissed from this action. *Second*, the addition of new Defendant TicketNetwork Inc., who Plaintiff recently learned is involved in the marketing, sale, and distribution of counterfeit tickets, including in coordination with Defendant Event Tickets Center Inc. For the reasons set forth in the Memorandum, leave to amend should be granted.

**Local Rule 7-3 Certification:** Prior to filing this Motion, pursuant to Local Rule 7-3, counsel for Plaintiff conducted a meet and confer with counsel for Defendants Event Tickets Center Inc. and Virtual Barcode Distribution LLC, the only Defendants to have appeared in this matter, on October 10, 2024 via Zoom. Keyes Decl. ¶ 9. Counsel for the parties then continued to confer via email. *Id.* Counsel

for both Event Tickets Center Inc. and Virtual Barcode Distribution LLC indicated that they will not oppose this motion. *Id.*

Dated: October 31, 2024

DORSEY & WHITNEY LLP

By: */s/ J. Michael Keyes*
J. Michael Keyes (SBN 262281)
  *keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
  *hansen.connor@dorsey.com*
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  *schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Plaintiff AXS Group LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............. 1

III. ARGUMENT ....................................................................................................... 2

    A.  AXS Should Be Granted Leave to Add TNI and Drop IRS as Parties Under Rule 15 ................................................................................ 3

        1.  Defendants Will Not Suffer Undue Prejudice ............................ 3

        2.  AXS is Acting in Good Faith and Has Not Delayed in Seeking Amendment ...................................................................... 5

        3.  AXS' Proposed Amendment is Not Futile ................................. 6

        4.  Plaintiff Has Not Previously Failed to Cure Any Deficiencies in Prior Amendments .............................................. 7

    B.  The Court Should Grant AXS Leave to Add TNI as a Party Under Rule 20 ................................................................................................ 8

IV.  CONCLUSION ................................................................................................... 9

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 15 and 20, Plaintiff AXS Group, LLC ("Plaintiff" or "AXS" pronounced "Access") respectfully asks that this Court grant its Motion for Leave to File its Second Amended Complaint (the "Motion"). By its Motion, AXS seeks to add as an additional defendant to this case, TicketNetwork, Inc. ("TNI"), and remove Defendant Internet Referral Services LLC ("IRS"). AXS does not seek to add new claims to its complaint and Defendants Event Tickets Center, Inc., Virtual Barcode Distribution LLC, Altan Tanriverdi, and Secure.Tickets ("Defendants") will not suffer any, much less undue, prejudice or harm if Plaintiff is granted leave to amend the Complaint.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On January 16, 2024, Plaintiff filed a Verified Complaint against Internet Referral Services, LLC ("IRS"), Event Tickets Center, Inc. ("ETC"), and three domain names, the true identities of which were unknown at the time: Verified-Ticket.com, Amosa.App, and Secure.Tickets. Dkt. 1. On January 17, 2024, Plaintiff filed an *Ex Parte* Application for an Order Granting Leave for Expedited Discovery (the "*Ex Parte* Application"), seeking, in relevant part, leave to serve Rule 45 subpoenas on the third-party domain registrars for Defendants Verified-Ticket.com, Amosa.App, and Secure.Tickets so it could learn the identities of the entities or individuals who own or operate these domains. Dkt. 14 at 2-3. On January 24, 2024, the Court granted Plaintiff's *Ex Parte* Application in part, authorizing it to issue the Rule 45 subpoenas. Dkt. 18 at 7.

On May 6, 2024, before any Defendant filed an Answer to the Complaint and after receiving responses to the Rule 45 subpoenas, Plaintiff filed a First Amended Verified Complaint. Dkt. 39. The only changes to the First Amended Verified Complaint were to name the entities who own the Verified-Ticket.com and Amosa.App domains: Virtual Barcode Distribution, LLC ("VBD") and Altan Tanriverdi, respectively. Keyes Decl. ¶ 5. Defendant VBD filed an Answer to the

First Amended Verified Complaint on August 2, 2024, Dkt. 65, and Defendant ETC filed an Answer on August 28, 2024. Dkt. 68.

Shortly after filing the initial Complaint, Plaintiff began discussing settlement with Defendant IRS and, separately, with Defendant ETC. Keyes Decl. ¶ 6. Following these discussions, Plaintiff filed a Notice of Voluntary Dismissal of Defendant Internet Referral Services, LLC on July 22, 2024. Dkt. 62. Through this Motion to Amend, Plaintiff seeks to remove allegations against Defendant IRS because it has been dismissed from the case. *See* Keyes Decl. Exh. 2 at 5, 27-30.

During settlement discussions with ETC, Plaintiff learned that counsel of record for ETC also represents TNI. Keyes Decl. ¶ 7. A representative from TNI has participated in settlement calls between counsel for Plaintiff and counsel for ETC. *Id.* It is Plaintiff's understanding that TNI provides software and other technology that permits brokers and other parties to sell tickets and those tickets are then marketed on websites owned by both ETC and TNI. *See id.* Exh. 1 ¶¶ 66-80. Moreover, on August 28, 2024, ETC filed a Notice of Interested Parties in which it identified TNI as an "Indemnitor of Event Tickets Center, Inc." Dkt. 69. Through this Motion to Amend, Plaintiff seeks to add TNI as a party and to add allegations relating to its involvement in the marketing, sale, and distribution of tickets, including in coordination with ETC. Keyes Decl. Exh. 1 ¶¶ 12, 66-80.

### III. ARGUMENT

"Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend freely 'when justice so requires.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). When determining whether to grant leave to amend to add a party, Courts "must analyze Plaintiff's motion for leave to amend the complaint to add parties under both Rule 15 and Rule 20" of the Federal Rules of Civil Procedure. *Morand-Doxzon v. Del. N. Cos. Sportservice, Inc.*, No. 20-cv-1258 DMS (BLM), 2021 U.S. Dist. LEXIS 40936, at *5 (S.D. Cal. Mar. 4, 2021) (citing *Desert Empire Bank v. Ins. Co. of North Am.*, 623 F.2d 1371, 1374 (9th Cir. 1980)). Amendment is

proper under both rules and the Court should grant Plaintiff leave to amend the complaint.

### A. AXS Should Be Granted Leave to Add TNI and Drop IRS as Parties Under Rule 15

"Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). When determining whether to grant leave to amend to add or drop parties, Courts should grant leave "unless the opposing party makes a showing of undue prejudice, bad faith, futility, or undue delay." *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013); *Knickerbocker v. Am. Home Mortg. Servicing, Inc.*, No. CV 11-6855 DSF (AGRx), 2012 U.S. Dist. LEXIS 199997, at *3 (C.D. Cal. Mar. 20, 2012) (citing *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997)). Courts also consider whether Plaintiff has previously amended the Complaint. *Allen v. City of Beverly Hills*, 91 F.2d 367, 373 (9th Cir. 1990). Because the non-moving party has the burden of showing why amendment should not be granted, all inferences must be drawn in favor of the moving party. *Senza-Gel Corp. v. Sieffhart*, 803 F.2d 661, 666 (9th Cir. 1986); *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

#### 1. Defendants Will Not Suffer Undue Prejudice

"[I]n evaluating the factors to determine whether to grant leave to amend, the consideration of prejudice to the opposing party carries the greatest weight." *Christie Dig. Sys. United States v. United States Philips Corp.*, No. CV 09-1097 GAF (AJWx), 2010 U.S. Dist. LEXIS 162105, at *4-5 (C.D. Cal. Feb. 2, 2010) (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). "Furthermore, the party opposing the motion bears the burden of showing prejudice." *Id.* at *5.

"'Prejudice,' in the context of a motion for leave to amend, means 'undue

difficultly in prosecuting a lawsuit as a result of a change in tactics or theories on the part of the other party.'" *Morand-Doxzon*, 2021 U.S. Dist. LEXIS 40936, at *11 (quoting *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015)). Courts consider variables such as time left in discovery, the need for reopening or expanding discovery, and the need for defendants to assert new defenses in response to the amendment. *See Christie Dig. Sys.*, 2010 U.S. Dist. LEXIS 162105, at *5 (considering the time remaining in discovery and the time remaining before trial); *see also Morand-Doxzon,* 2021 U.S. Dist. LEXIS 40936, at *11 (considering whether discovery would be "propounded" as to the originally named Defendants).

Here, Defendants will not suffer undue prejudice by Plaintiff's amendment of the complaint. The amendment to remove allegations against IRS has little or no effect on the remaining Defendants and simplifies the issues in dispute. Discovery in this action has just begun and is not scheduled to close until July 9, 2025. Dkt. 74-1. Further, the last day for the Court to hear motions to amend the pleadings or add parties is set for May 28, 2025. Dkt. 74-1. Amendment will not require any changes to the schedule for discovery or trial and therefor does not prejudice Defendants. *Christie Dig. Sys.*, 2010 U.S. Dist. LEXIS 162105, at *5 (finding that "approximately six months remaining for discovery, and over one year remaining until the trial date" did not prejudice the non-moving party).

The causes of action in the Second Amended Complaint are the same as those in the original complaint with respect to the previously named Defendants; the changes being the addition of TNI and removal of IRS as Defendants. *See* Keyes Decl. Exh. 2. Defendants are not at risk of having to go through the burden of duplicative discovery, and any additional discovery obligations would likely implicate TNI rather than the other Defendants. *Morand-Doxzon,* 2021 U.S. Dist. LEXIS 40936, at *11 (finding no prejudice because "most of the new discovery obligations arising out of this addition would implicate [the added party], not the

Defendants named in the original complaint"). Further, given TNI's status as an indemnitor of ETC and its relationship with ETC, its likely that TNI would be drawn into discovery in any event or ETC would be drawn into discovery if Plaintiff filed a separate action against TNI. *See N. Face Apparel Corp. v. Dahan*, No. CV 13-04821 MMM (MANx), 2014 U.S. Dist. LEXIS 201737, at *24 (C.D. Cal. Mar. 14, 2014) (finding no prejudice even with need to reopen discovery because "if plaintiffs filed a separate action against [newly added defendants], it is likely that the [existing] parties would be drawn into that discovery either as third parties or as cross-defendants").

Finally, Defendants do not oppose this motion and have not presented any arguments to suggest that they will be prejudiced by amendment of the Complaint. *See Christie Dig. Sys.*, 2010 U.S. Dist. LEXIS 162105, at *4-5 (the non-moving party "bears the burden of showing prejudice"). Defendants are not and will not be prejudiced by amendment of the Complaint.

In the absence of undue prejudice, there "must be a strong showing" of the other factors "to overcome Rule 15's strong presumption in favor of granting leave to amend." *McEvoy v. Chancelight Educ.*, No. 24-cv-00271-HSG, 2024 U.S. Dist. LEXIS 153902, at *4 (N.D. Cal. Aug. 27, 2024). As set forth below, the remaining factors favor amendment as well.

### 2. AXS is Acting in Good Faith and Has Not Delayed in Seeking Amendment

"Finding bad faith requires courts to focus on the plaintiff's motives for not amending the complaint to assert the proposed new claims earlier, and occasionally, delay in itself may be evidence of bad faith sufficient to justify denial of leave to amend." *Larios v. Nike Retail Servs., Inc.*, No. 11cv1600-GPC-NLS, 2013 U.S. Dist. LEXIS 112761, 2013 WL 4046680, *3 (S.D. Cal. Aug. 9, 2013). "While undue delay is a relevant factor in determining whether to grant leave to amend under Rule 15, 'undue delay by itself is insufficient to justify denying a motion to amend.'" *N. Face*

*Apparel Corp.*, 2014 U.S. Dist. LEXIS 201737, at *24-25. "Furthermore, offering a 'satisfactory explanation' for a delay in naming a party as a defendant, such as waiting until there is 'sufficient evidence of conduct upon which the moving party could base claims' can defeat an argument of undue delay." *Christie Dig. Sys.*, 2010 U.S. Dist. LEXIS 162105, at *6 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

While Plaintiff did file a First Amended Complaint, it was unaware at the time of filing the extent of TNI's culpability. *See N. Face Apparel Corp.*, 2014 U.S. Dist. LEXIS 201737, at *26-28 (finding no bad faith where Plaintiff knew of Defendant before filing complaint because Plaintiffs "did not know the extent of the new defendants' culpability" at the time.). It was only after TNI participated in settlement discussions, ETC filed a Notice of Interested Parties identifying TNI as an indemnitor, and Plaintiff independently investigated TNI that it learned of TNI's role in the conduct set forth in the Second Amended Complaint. *See* Keyes Decl. ¶¶ 7-8. Plaintiff seeks to add TNI as a party so it may fully and fairly litigate its claims and is doing so months before the Court's deadline to amend the pleadings or add parties. Dkt. 74-1. Plaintiff is acting in good faith and has not delayed.

### 3. AXS' Proposed Amendment is Not Futile

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Morand-Doxzon*, 2021 U.S. Dist. LEXIS 40936, at *8-9 (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). This test differs from a motion to dismiss in that "courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.* at *10-11 (quoting *Contasti v. City of Solana Beach*, No. 09-cv-1371-WQH-BLM, 2010 U.S. Dist. LEXIS 3985, at *2 (S.D. Cal. Jan. 20, 2010)).

As the Second Amended Complaint shows, the addition of TNI to this action is not futile. The Court already found that Plaintiff's allegations in its original Complaint were "sufficiently specific and well pleaded" and likely to "survive a motion to dismiss" when considering Plaintiff's *Ex Parte* Application. Dkt. 18 at 5-6. The allegations in the Second Amended Complaint mirror and supplement these allegations to provide details relating to TNI's role in the conduct set forth in the Complaint and are likewise likely to survive a motion to dismiss. For example, the Second Amended Complaint alleges, among other things, "TNI's software serves as a marketplace for other ticket retailers, including Defendant ETC, to source tickets that are marketed, sold, and distributed through those retail websites. ETC has marketed, sold, and distributed counterfeit AXS tickets using TNI's software." Keyes Decl. Exh. 1 at 26. This factual allegation, along with the Second Amended Complaint as a whole, establishes a clear link between TNI and Defendant ETC such that the claims made against TNI in the Second Amended Complaint constitute a valid claim, and are thus not futile.

### 4. Plaintiff Has Not Previously Failed to Cure Any Deficiencies in Prior Amendments

The relevant inquiry for this factor is whether Plaintiff has sought leave to amend previously and whether there has been "repeated failure to cure deficiencies by amendment previously allowed." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

While Plaintiff has amended its Complaint once as a matter of right, this is Plaintiff's first motion for leave to amend and first request to add or remove any parties. The Court has not previously found any deficiencies in Plaintiff's allegations, indeed it has found the allegations are likely to survive a motion to dismiss. Dkt. 18 at 5-6. This factor favors amendment or at worst is neutral.

### B. The Court Should Grant AXS Leave to Add TNI as a Party Under Rule 20

"Like the policy in favor of freely granting leave to amend under Rule 15, the standard for permissive joinder under Rule 20 'is to be construed liberally.'" *Morand-Doxzon*, 2021 U.S. Dist. LEXIS 40936, at *5 (quoting *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977)). Under Federal Rule of Civil Procedure 20, parties may be joined where a right to relief asserted by, or against, each plaintiff or defendant relates to or arises out of the same transaction or occurrence, or series of transactions or occurrences and there is a common question of law or fact among the parties. *League to Save Lake Tahoe*, 588 F.2d at 917; Fed. R. Civ. P. 20. All of the factors favor granting Plaintiff's Motion to Amend to add TNI as a party.

Here, Plaintiff alleges that TNI and ETC work together to market, sell, and distribute counterfeit tickets. Specifically, Plaintiff alleges that TNI and ETC each maintain websites through which they market counterfeit tickets and that those tickets are sourced and distributed using TNI's software products and services. *E.g.*, Keyes Decl. Exh. 1 ¶¶ 12, 73. The marketing, sale and distribution of these counterfeit tickets occurs in the "same transaction or occurrence, or series of transactions or occurrences," which only requires some "degree of factual commonality underlying the claims." *See Bravado Int'l Grp. Merch Servs. v. Cha*, No. CV 09-9066-PSG-CWx, 2010 U.S. Dist. LEXIS 80361, at *10 (C.D. Cal. Jun. 30, 2010) (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)). In addition, whether the tickets distributed by ETC and TNI using TNI's software are indeed counterfeit tickets, as alleged, is question of law and fact in common to both ETC and TNI. *Id.*

Further, amendment is proper under Rule 20 because TNI is an indemnitor of ETC and because it already has notice of this action through its participation in settlement discussions and the fact that it is represented by the same counsel as ETC. *See Morand-Doxzon*, 2021 U.S. Dist. LEXIS 40936, at *15-16 (granting leave to

-8-

amend to add a party that has a "close relationship" with a previously named defendant and "is likely on notice of this action").

Adding TNI as a party is warranted under Rule 20 and the Court should grant Plaintiff's Motion to Amend.

## IV. CONCLUSION

For at least the foregoing reasons, Plaintiff respectfully request that its Motion for Leave to Amend be granted.

Dated:   October 31, 2024              DORSEY & WHITNEY LLP

By:  /s/ J. Michael Keyes
J. Michael Keyes (SBN 262281)
  keyes.mike@dorsey.com
Connor J. Hansen (*pro hac vice*)
  hansen.connor@dorsey.com
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA
Telephone:  206.903.8800
Facsimile:   206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  schmidt.kent@dorsey.com
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone:  714.800.1400
Facsimile:   714.800.1499

*Attorneys for Plaintiff AXS Group LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2024, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record. Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

                                               */s/ J. Michael Keyes*
                                               J. Michael Keyes, SBN 262281