UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-00377-SPG-E | Date | December 4, 2024 |
|---|---|---|---|
| Title | AXS Group LLC v. Internet Referral Services LLC *et al.* | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT AND APPLICATION TO SEAL PORTIONS OF THE SAC [ECF NOS. 78 and 79]**

## Introduction

Before the Court is Plaintiff AXS Group LLC's ("Plaintiff") Motion for Leave to File a Second Amended Complaint. (ECF No. 78 ("Motion")). Defendants Internet Referral Services, LLC, Event Tickets Center, Inc., Virtual Barcode Distribution LLC, Altan Tanriverdi, and Secure.Tickets (together, "Defendants") have not responded to or opposed the Motion. The Court has read and considered the matters raised with respect to the motion and concluded that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Having considered Plaintiff's submission, the relevant law, and the record in this case, the Court GRANTS Plaintiff's Motion.

## Background

Plaintiff filed its initial Complaint in this action on January 16, 2024. (ECF No. 1). On May 6, 2024, before Defendants responded to the Complaint, Plaintiff filed a First Amended Complaint. (ECF No. 39 ("FAC")). Defendant Virtual Barcode Distribution, LLC and Defendant Event Tickets Center Inc. filed Answers to the FAC on August 2, 2024, and August 28, 2024, respectively. (ECF Nos. 65, 68). On September 30, 2024, this Court issued a Civil Pretrial Schedule and Trial Order (ECF No. 74-1). As relevant here, this Court scheduled the trial date in the instant matter for December 1, 2025, and the deadline to hear motions to amend pleadings/add parties for May 28, 2025. (*Id.*).

On October 31, 2024, Plaintiff filed the instant Motion seeking leave to file a Second Amended Complaint ("SAC"). *See* (Mot.). Defendants have not responded to or opposed the Motion. Plaintiff, however, represents that Defendants Event Tickets Center Inc. and Virtual Barcode Distribution LLC, the only Defendants to have appeared in this matter, have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00377-SPG-E | Date | December 4, 2024 |
| Title | AXS Group LLC v. Internet Referral Services LLC *et al.* | | |

indicated that "they will not oppose [the M]otion." (ECF No. 78-1 ("Keyes Decl.") ¶ 9).[1]

**Legal Standard**

    a.    **Rule 15**

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, the Ninth Circuit has mandated that the rule be applied with "extreme liberality." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991). The Ninth Circuit considers five factors to determine whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) the futility of amendment, and (5) whether the plaintiff has previously amended his or her complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

"Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal citation omitted). Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). In deciding a motion to amend the pleadings, "all inferences" should be drawn "in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

    b.    **Rule 20**

Federal Rule of Civil Procedure 20 governs permissive joinder of parties. The rule should be "construed liberally in order to promote trial convenience and to expedite the final

---

[1] Plaintiff also files an unopposed Application to File Documents Under Seal. (ECF No. 79 ("Application")), seeking to "seal portions of the Second Amended Verified Complaint in Exhibit 1 and Exhibit 2. . . ." *See* (ECF No. 79 at 4). While there is a strong presumption of public access to judicial records, documents nevertheless may be sealed if there are "compelling reasons" to protect the information contained therein. *See* L.R. 79-5.2.2; *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Here, the Court concludes that Plaintiff's targeted Application establishes good cause for sealing the portions of the two exhibits to the SAC identified in Plaintiff's Application. These portions contain confidential business, security, and financial information which could facilitate misuse by competitors or future infringers, if publicly available. Accordingly, the Court GRANTS the Application. Plaintiff must file the sealed portions of the documents consistent with Local Rule 79-5.2.2(c) within five (5) calendar days of the issuance of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00377-SPG-E | Date | December 4, 2024 |
| Title | AXS Group LLC v. Internet Referral Services LLC *et al.* | | |

determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Rule 20 creates two requirements for joining defendants together in an action: (1) the plaintiff must assert a right to relief against the defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) the action must raise at least one "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2).

## Analysis

The Court finds that leave to amend and joinder are appropriate under Rules 15 and 20, respectively. Plaintiff seeks to "add as an additional defendant to this case, TicketNetwork, Inc. ("TNI"), and remove Defendant Internet Referral Services LLC ("IRS")." (Mot. at 5). Plaintiff states that it only learned of TNI's involvement in the alleged conduct after TNI participated in settlement discussions, Defendant Event Ticket Center Inc. filed a Notice of Interested Parties identifying TNI as an indemnitor, and Plaintiff independently investigated TNI. (*Id.* at 10). Plaintiff "does not seek to add new claims to its complaint." (*Id.* at 5).

Regarding Plaintiff's request for leave to amend under Rule 15, counsel for both Defendants Event Tickets Center, Inc. and Virtual Barcode Distribution, LLC have indicated that these Defendants do not oppose the Motion.[2] *See* (Keyes Decl. ¶ 9; Mot. at 2-3). Nor have these Defendants otherwise argued they would suffer prejudice. *Compare Machowski v. DCT Properties, LLC,* No. 20-cv-01707, 2021 WL 12302268, at *5 (C.D. Cal. Dec. 14, 2021) (denying Plaintiff's motion for leave to file a second amended complaint because Defendants would be prejudiced by the proposed amendment).

There also is no evidence of bad faith or delay. Plaintiff states that "it was unaware at the time of filing [the FAC] . . .the extent of TNI's [alleged] culpability." (Mot. at 10); *see* (Keyes Decl. ¶¶ 7-8). According to Plaintiff, "[i]t was only after TNI participated in settlement

---

[2] Local Rule 7-9 provides that a party opposing a motion must serve and file its opposition brief no later than 21 days before the noticed motion hearing date. C.D. Cal. L.R. 7-9. For the instant Motion, set for hearing on December 4, 2024, Defendants were to serve and file their response opposition on November 13, 2024. However, Defendants have not filed an opposition or any response to Plaintiff's Motion, despite Plaintiff informing Defendants via email that Plaintiff intended to file the Motion. *See* (Keyes Decl. ¶ 9) (Indicating that Plaintiff's counsel emailed counsel for Defendants on "October 15, 2024[,] to confirm whether they would oppose this motion. In response, counsel for [Defendants] indicated that they will not oppose this motion."). "The failure to file any required document . . . may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00377-SPG-E | Date | December 4, 2024 |
| Title | AXS Group LLC v. Internet Referral Services LLC *et al.* | | |

discussions, [Event Tickets Center, Inc.] filed a Notice of Interested Parties identifying TNI as an indemnitor, and Plaintiff independently investigated TNI that it learned of TNI's role in the conduct set forth in the [SAC]." (Mot. at 10). Upon learning this new information, Plaintiff filed the instant Motion well before the May 28, 2025, deadline for amending the pleadings and adding new parties. *See* (ECF No. 74-1).

Additionally, while Plaintiff has previously amended its pleading, the Court does not find amendment here would be futile. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997) (internal quotations omitted). Here, Plaintiff asserts based, in part, on its investigation and Defendant Event Ticket Center Inc. filing a notice of Interested Parties identifying TNI as an indemnitor that TNI is involved in the conduct alleged in the FAC. Accordingly, the balance of factors supports granting Plaintiff leave to amend under Rule 15(a)(2).

Joinder of TNI as an additional Defendant under Rule 20 is also proper. *See* Fed. R. Civ. P. 20. TNI's claims appear to arise out of the same alleged general scheme to "market, sell, and distribute counterfeit tickets," as those of the originally named Defendants. (Mot. at 12). As a result, common questions of law and fact will arise in the action. Rule 20 thus poses no bar to this Court granting leave to amend to join the TNI as a Defendant.

### Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff's unopposed Motion. The Court also GRANTS Plaintiff's unopposed Application to Seal. Plaintiff shall file their amended complaint, as previously lodged with the Court, *see* (ECF No. 78-2), and in compliance with Local Rule 79-5.2.2(c), within five (5) calendar days of the issuance of this order.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   pg