John W. Thornburgh (SBN 154627)
thornburgh@fr.com
Madelyn S. McCormick (SBN 320063)
mmccormick@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:   858-678-5070

Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Telephone:   213-533-4240

*Attorneys for Defendant*
*Event Tickets Center, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXS GROUP LLC, <br><br> Plaintiff, <br><br> v. <br><br> EVENT TICKETS CENTER, INC., TICKETNETWORK, INC., VIRTUAL BARCODE DISTRIBUTION LLC, ALTAN TANRIVERDI, and SECURE.TICKETS, <br><br> Defendants. | Case No. 2:24-CV-00377-SPG (Ex) <br><br> **DEFENDANT EVENT TICKETS CENTER, INC.'S ANSWER TO PLAINTIFF AXS GROUP LLC'S SECOND AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** <br><br> District Judge: Sherilyn Peace Garnett <br><br> Magistrate Judge: Charles F. Eick <br><br> Complaint Served: December 9, 2024 |

Defendant Event Tickets Center, Inc. ("Event Tickets") by and through its attorneys, files its Answer to Plaintiff AXS Group LLC's ("AXS" or "Plaintiff") Second Amended Complaint for alleged copyright infringement, violation of the Digital Millennium Copyright Act, trademark counterfeiting, trademark infringement, federal false designation, unfair competition, common law false designation, civil conspiracy, and breach of contract ("Complaint").

## ANSWER

Event Tickets responds to the allegations contained in the numbered paragraphs of AXS's Complaint below.  Event Tickets denies all allegations and characterizations in AXS's Complaint unless expressly admitted in the following paragraphs.

### I.    "INTRODUCTION & SUMMARY OF RELIEF REQUESTED"[1]

1.    Event Tickets denies that it has committed any alleged wrongdoing or caused any alleged harm described in the Complaint.  Event Tickets otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies them.

2.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies them.

3.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies them.

4.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies them.

5.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies them.

6.    Event Tickets lacks knowledge or information sufficient to form a

---

[1] Event Tickets repeats the Complaint's headings for convenience but does not thereby make any admission that they are accurate.

1
ANSWER TO FIRST AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

belief as to the truth of the allegations in Paragraph 6, and therefore denies them.

7.    Event Tickets denies that it has committed any alleged wrongdoing described in the Complaint.  Event Tickets otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies them.

8.    Event Tickets denies that it has committed any alleged wrongdoing described in the Complaint.  Event Tickets otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies them.

9.    Event Tickets denies that it has committed any alleged wrongdoing described in the Complaint.  Event Tickets otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies them.

## II.    **"PARTIES"**

10.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies them.

11.    Event Tickets admits that it is a Florida corporation with an address at 308 West University Avenue, Suite B, Gainesville, FL 32601.  Event Tickets also admits it owns the domain eventticketscenter.com.  Event Tickets denies all remaining allegations contained in Paragraph 11.

12.    Event Tickets admits that it uses ticket listing services provided by Defendant TicketNetwork, Inc. ("TNI").  Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies them.

13.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies them.

14.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

15.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

16.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies them.

### III.    "JURISDICTION AND VENUE"

17.    Event Tickets admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Event Tickets denies all remaining allegations contained in Paragraph 17.

18.    Event Tickets admits this Court has supplemental jurisdiction over state claims.  Event Tickets denies that it has committed any alleged wrongdoing described in the Complaint.  Event Tickets denies all remaining allegations contained in Paragraph 18.

19.    Event Tickets admits this Court has personal jurisdiction over Event Tickets. Event Tickets denies that it has committed any alleged wrongdoing described in the Complaint. Event Tickets denies all remaining allegations contained in Paragraph 19, and therefore denies them.

20.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

21.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies them.

22.    Event Tickets denies that venue is proper in this district because the Complaint appears based on Plaintiff's use of Event Ticket's website, which requires that any controversy or claim arising out of or relating to the use of the site shall be subject to venue in the state and federal courts of the State of Connecticut, Hartford County.  Event Tickets denies that it has committed any alleged wrongdoing described in the Complaint.  Event Tickets denies all remaining allegations contained in Paragraph 22.

## IV.    "PLAINTIFF'S E-TICKETING BUSINESS OPERATION"

### A.    "The AXS Platform for Selling and Re-Selling Tickets"

23.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies them.

24.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies them.

25.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

26.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies them.

27.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies them.

### B.    "AXS Mobile ID Technology (Formerly Known as 'Flash Seats')"

28.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies them.

29.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies them.

30.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies them.

31.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them.

32.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies them.

33.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies them.

34.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies them.

ANSWER TO SECOND AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

35.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies them.

**V.    "PLAINTIFF'S [ALLEGEDLY] VALID AND SUBSISTING INTELLECTUAL PROPERTY RIGHTS"**

**A.    "The AXS Trademarks"**

36.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies them.

37.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies them.

38.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies them.

39.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies them.

40.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies them.

41.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore denies them.

42.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies them.

43.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore denies them.

**B.    "The AXS Copyrights"**

44.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies them.

45.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies them.

46.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies them.

47.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies them.

48.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore denies them.

### C.    "Notice of Plaintiff's Trademarks and Copyrights"

49.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies them.

50.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies them.

51.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore denies them.

### VI.    <u>"DEFENDANTS' [ALLEGED] INFRINGING AND ILLICIT COUNTERFEITING OPERATIONS"</u>

52.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies them.

53.    Event Tickets denies all allegations contained in Paragraph 53 relating to Event Tickets and denies that it has committed any alleged wrongdoing described in the Complaint.  Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

### A.    "ETC [Allegedly] Delivers Counterfeit AXS Digital Tickets to Unsuspecting Consumers in Cooperation with VBD"

54.    Event Tickets denies that it retails or distributes tickets.  Event Tickets admits it owns the domain eventticketscenter.com.  Event Tickets otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore denies them.

55.    Event Tickets denies that it retails or distributes tickets.  Event Tickets otherwise lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 55, and therefore denies them.

56.    Event Tickets denies that it has committed any alleged wrongdoing described in the Complaint.  Event Tickets denies that it retails or distributes tickets.  Event Tickets otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies them.

57.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and therefore denies them.

58.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore denies them.

59.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and therefore denies them.

60.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and therefore denies them.

61.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and therefore denies them.

62.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

63.    Event Tickets denies the allegations in Paragraph 63 related to Event Tickets.  Event Tickets otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

64.    Event Tickets denies the allegations in Paragraph 64 related to Event Tickets.  Event Tickets otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

65.    Event Tickets denies the allegations in Paragraph 65 related to Event Tickets.  Event Tickets otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

ANSWER TO SECOND AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

**B.** **"TNI Markets and Delivers Counterfeit AXS Digital Tickets to Unsuspecting Consumers and Provides Software to Facilitate the Same"**

66.     Event Tickets denies that it retails or distributes tickets. Event Tickets otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and therefore denies them.

67.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and therefore denies them.

68.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and therefore denies them.

69.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and therefore denies them.

70.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and therefore denies them.

71.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and therefore denies them.

72.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and therefore denies them.

73.     Event Tickets denies that it has committed any alleged wrongdoing described in the Complaint. Event Tickets denies that it retails or distributes tickets. Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and therefore denies them.

74.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore denies them.

75.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and therefore denies them.

76.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and therefore denies them.

77.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and therefore denies them.

78.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and therefore denies them.

79.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and therefore denies them.

80.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and therefore denies them.

## C.    "ETC's Independent Acts of Infringement and Unfair Competition"

81.    Event Tickets admits it owns the domain eventticketscenter.com. Event Tickets denies that it distributes tickets.  Event Tickets otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and therefore denies them.

82.    Event Tickets denies that it distributes tickets.  Event Tickets otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and therefore denies them.

83.    Event Tickets denies that it has committed any alleged wrongdoing described in the Complaint.  Event Tickets denies that it distributes tickets.  Event Tickets otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and therefore denies them.

84.    Event Tickets denies that it distributes tickets.  Event Tickets otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and therefore denies them.

85.    Event Tickets denies that it has committed any alleged wrongdoing described in the Complaint.  Event Tickets denies that it distributes tickets.  Event Tickets otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and therefore denies them.

86.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and therefore denies them.

87.     Event Tickets denies that it has committed any alleged wrongdoing described in the Complaint.  Event Tickets denies the allegations in Paragraph 87.

### D.     "Defendant Tanriverdi Is Selling and Distributing Counterfeit AXS Tickets in this Judicial District"

88.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and therefore denies them.

89.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and therefore denies them.

90.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and therefore denies them.

91.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and therefore denies them.

92.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and therefore denies them.

93.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and therefore denies them.

94.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and therefore denies them.

### E.     "Secure.Tickets is Selling and Distributing Counterfeit AXS Tickets in this Judicial District"

95.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and therefore denies them.

96.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and therefore denies them.

97.     Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and therefore denies them.

98.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and therefore denies them.

99.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and therefore denies them.

100.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and therefore denies them.

## VII.   "CAUSES OF ACTION"

### "First Cause of Action (All Defendants)

### [Alleged] Copyright Infringement Under 17 U.S.C. § 101, *et. seq.*"

101.    In response to Paragraph 101, Event Tickets incorporates by reference its responses to the preceding paragraphs of the Complaint as though fully restated herein.

102.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and therefore denies them.

103.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and therefore denies them.

104.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and therefore denies them.

105.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and therefore denies them.

106.    Event Tickets denies the allegations in Paragraph 106 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

107.    Event Tickets denies the allegations in Paragraph 107 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

108.    Event Tickets denies the allegations in Paragraph 108 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth

of the allegations against other Defendants and therefore denies them.

109.    Event Tickets denies the allegations in Paragraph 109 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

110.    Event Tickets denies the allegations in Paragraph 110 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

111.    Event Tickets denies the allegations in Paragraph 111 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

112.    Event Tickets denies the allegations in Paragraph 112 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

113.    Event Tickets denies the allegations in Paragraph 113 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

114.    Event Tickets denies the allegations in Paragraph 114 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

115.    Event Tickets denies the allegations in Paragraph 115 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

116.    Event Tickets denies the allegations in Paragraph 116 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

ANSWER TO SECOND AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

1     **"Second Cause of Action (All Defendants)**

2     **[Alleged] Violation of Digital Millennium Copyright Act Under 17 U.S.C.**

3     **§ 1201"**

4     117.   In response to Paragraph 117, Event Tickets incorporates by reference

5 its responses to the proceeding paragraphs of the Complaint as though fully restated

6 herein.

7     118.   Event Tickets lacks knowledge or information sufficient to form a

8 belief as to the truth of the allegations in Paragraph 118, and therefore denies them.

9     119.   Event Tickets lacks knowledge or information sufficient to form a

10 belief as to the truth of the allegations in Paragraph 119, and therefore denies them.

11     120.   Event Tickets denies the allegations in Paragraph 120 related to Event

12 Tickets and lacks knowledge or information sufficient to form a belief as to the truth

13 of the allegations against other Defendants and therefore denies them.

14     121.   Event Tickets denies the allegations in Paragraph 121 related to Event

15 Tickets and lacks knowledge or information sufficient to form a belief as to the truth

16 of the allegations against other Defendants and therefore denies them.

17     122.   Event Tickets denies the allegations in Paragraph 122 related to Event

18 Tickets and lacks knowledge or information sufficient to form a belief as to the truth

19 of the allegations against other Defendants and therefore denies them.

20     123.   Event Tickets denies the allegations in Paragraph 123 related to Event

21 Tickets and lacks knowledge or information sufficient to form a belief as to the truth

22 of the allegations against other Defendants and therefore denies them.

23     124.   Event Tickets denies the allegations in Paragraph 124 related to Event

24 Tickets and lacks knowledge or information sufficient to form a belief as to the truth

25 of the allegations against other Defendants and therefore denies them.

26     **"Third Cause of Action (All Defendants)**

27     **[Alleged] Trademark Counterfeiting Under 15 U.S.C. § 1114, *et seq.*"**

28     125.   In response to Paragraph 125, Event Tickets incorporates by reference

its responses to the proceeding paragraphs of the Complaint as though fully restated herein.

126. Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and therefore denies them.

127. Event Tickets denies the allegations in Paragraph 127 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

128. Event Tickets denies the allegations in Paragraph 128 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

129. Event Tickets denies the allegations in Paragraph 129 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

130. Event Tickets denies the allegations in Paragraph 130 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

131. Event Tickets denies the allegations in Paragraph 131 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

## "Fourth Cause of Action (All Defendants)

## [Alleged] Trademark Infringement Under 15 U.S.C. § 1114, *et seq.*"

132. In response to Paragraph 132, Event Tickets incorporates by reference its responses to the proceeding paragraphs of the Complaint as though fully restated herein.

133. Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and therefore denies them.

134. Event Tickets denies the allegations in Paragraph 134 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth

of the allegations against other Defendants and therefore denies them.

135.    Event Tickets denies the allegations in Paragraph 135 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

136.    Event Tickets denies the allegations in Paragraph 136 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

137.    Event Tickets denies the allegations in Paragraph 137 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

138.    Event Tickets denies the allegations in Paragraph 138 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

## "Fifth Cause of Action (All Defendants)

## [Alleged] Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125, *et seq.*"

139.    In response to Paragraph 139, Event Tickets incorporates by reference its responses to the proceeding paragraphs of the Complaint as though fully restated herein.

140.    Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140, and therefore denies them.

141.    Event Tickets denies the allegations in Paragraph 141 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

142.    Event Tickets denies the allegations in Paragraph 142 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

143.    Event Tickets denies the allegations in Paragraph 143 related to Event

Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

144.   Event Tickets denies the allegations in Paragraph 144 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

145.   Event Tickets denies the allegations in Paragraph 145 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

### "Sixth Cause of Action (All Defendants)

### [Alleged] State Statutory Unfair Competition Under Cal. Bus. & Prof. Code § 17200, *et seq.*"

146.   In response to Paragraph 146, Event Tickets incorporates by reference its responses to the proceeding paragraphs of the Complaint as though fully restated herein.

147.   Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147, and therefore denies them.

148.   Event Tickets denies the allegations in Paragraph 148 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

149.   Event Tickets denies the allegations in Paragraph 149 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

150.   Event Tickets denies the allegations in Paragraph 150 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

151.   Event Tickets denies the allegations in Paragraph 151 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

## "Seventh Cause of Action (All Defendants)

## [Alleged] Common Law False Designation of Origin & Unfair Competition"

152.   In response to Paragraph 152, Event Tickets incorporates by reference its responses to the proceeding paragraphs of the Complaint as though fully restated herein.

153.   Event Tickets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153, and therefore denies them.

154.   Event Tickets denies the allegations in Paragraph 154 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

155.   Event Tickets denies the allegations in Paragraph 155 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

156.   Event Tickets denies the allegations in Paragraph 156 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

157.   Event Tickets denies the allegations in Paragraph 157 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

158.   Event Tickets denies the allegations in Paragraph 158 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

## "Eighth Cause of Action

## (Against Defendants ETC, TNI and VBD)

## [Alleged] Civil Conspiracy"

159.   In response to Paragraph 159, Event Tickets incorporates by reference its responses to the proceeding paragraphs of the Complaint as though fully restated herein.

160.   Event Tickets denies the allegations in Paragraph 160 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

161.   Event Tickets denies the allegations in Paragraph 161 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

162.   Event Tickets denies that it retails or distributes tickets.  Event Tickets denies the allegations in Paragraph 162 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

163.   Event Tickets denies that it retails or distributes tickets.  Event Tickets denies the allegations in Paragraph 163 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

164.   Event Tickets denies the allegations in Paragraph 164 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

165.   Event Tickets denies the allegations in Paragraph 165 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

166.   Event Tickets denies the allegations in Paragraph 166 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

### "Ninth Cause of Action (All Defendants)
### [Alleged] Breach of Contract"

167.   In response to Paragraph 167, Event Tickets incorporates by reference its responses to the proceeding paragraphs of the Complaint as though fully restated herein.

168.   Event Tickets denies the allegations in Paragraph 168 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

169.   Event Tickets denies the allegations in Paragraph 169 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

170.   Event Tickets denies the allegations in Paragraph 170 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

171.   Event Tickets denies the allegations in Paragraph 171 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

172.   Event Tickets denies the allegations in Paragraph 172 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

173.   Event Tickets denies the allegations in Paragraph 173 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

174.   Event Tickets denies the allegations in Paragraph 174 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

175.   Event Tickets denies the allegations in Paragraph 175 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

176.   Event Tickets denies the allegations in Paragraph 176 related to Event Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

177.   Event Tickets denies the allegations in Paragraph 177 related to Event

Tickets and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

## VIII. "PRAYER FOR RELIEF"

The section of the Complaint titled "Prayer for Relief" sets forth the statement of relief requested by AXS to which no response is required. Event Tickets denies that AXS is entitled to any relief sought in its Prayer for Relief or otherwise.

## VIII. AFFIRMATIVE AND ADDITIONAL DEFENSES

178.  In response to Paragraph 178, Event Tickets incorporates by reference the foregoing paragraphs in their entirety and asserts the following affirmative and additional defenses.  By asserting these affirmative and additional defenses, Event Tickets does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear.  Event Tickets reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the Copyright and Trademark Laws of the United States, the state and federal laws cited in the Complaint, and/or at law or in equity that may now exist, or in the future be available, based on discovery and further investigation in this case, as well as the right to amend this Answer to include those defenses.  Pursuant to Federal Rule of Civil Procedure 8(c), Event Tickets, without waiver, limitation, or prejudice, hereby asserts the following affirmative and additional defenses.

## FIRST AFFIRMATIVE OR ADDITIONAL DEFENSE
### (Fair Use)

Plaintiff is not entitled to any relief because the accused conduct is protected by the fair use doctrine.  For example, in *Sega Enterprises Ltd. v. Accolade, Inc.*, 977 F.2d 1510 (9th Cri. 1992), the Ninth Circuit held that the doctrine of fair use prevents the use of both copyright and trademark law to restrict access to the functional aspects of a product.  Here, it appears Plaintiff is attempting to use copyright and trademark to restrict access to functional aspects of event tickets, such as the ability to enter an event.  However, Event Tickets has no knowledge of or

involvement in the alleged infringements.

## SECOND AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Injunctive Relief)

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff—there is none—is neither immediate nor irreparable and Plaintiff has an adequate remedy at law.

## THIRD AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Equitable Defenses)

Plaintiff's claims against Event Tickets are barred in whole or in part by one or more of the equitable doctrines of acquiescence, estoppel, waiver, and unclean hands.

## FOURTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Laches)

Plaintiff's claims against Event Tickets are barred in whole or in part by the doctrine of laches.

## FIFTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Trademark Infringement)

Event Tickets has not infringed any valid, enforceable trademark of Plaintiff under the Lanham Act or state law.

## SIXTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Trademark Counterfeiting)

Event Tickets has not counterfeited any valid, enforceable trademark of Plaintiff under the Lanham Act or state law.

## SEVENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No False Designation of Origin and Unfair Competition)

Event Tickets has not engaged in any false designation of origin or unfair competition under the Lanham Act or state law.

**EIGHTH AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(No Likelihood of Confusion)**

There is no likelihood of consumer confusion based on the allegations of the Complaint.

**NINTH AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(No Willfulness or Malicious Conduct)**

None of Event Tickets alleged actions were willful or malicious.

**TENTH AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(Narrow Scope of Protection)**

Given the generic nature of Plaintiff's mark, it is afforded only a narrow scope of protection, if any.

**ELEVENTH AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(No Remedies or Damages)**

Event Tickets has not committed any acts resulting in any damages against Plaintiff or any remedies owed to Plaintiff.

**TWELFTH AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(Failure to Mitigate)**

Plaintiff's claims are barred, in whole or in part, as a result of its failure to mitigate damages, if any.

**THIRTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(No Contract)**

Event Tickets has entered no contract with Plaintiff.

**FOURTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(Failure to State a Claim)**

Plaintiff has failed to state a claim against Event Tickets upon which relief can be granted.

## FIFTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Standing)

Plaintiff lacks standing because it has failed to join necessary and indispensable parties, including without limitation the alleged infringers of its intellectual property.

## SIXTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Control)

Plaintiff has failed to state a claim against Event Tickets because it has not, and cannot, allege that Event Tickets controls the alleged infringers of Plaintiff's intellectual property.

## SEVENTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Section 230)

Plaintiff has failed to state a claim against Event Tickets because "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230.

## EIGHTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Unclean Hands)

On information and belief, AXS knows that ETC is not involved in any of the misconduct alleged in the Complaint, that ETC has not entered any contract with AXS, and that ETC does not infringe any of AXS's trademarks or copyrights, yet AXS continues to pursue this litigation, apparently as a vehicle for identifying other parties. This is not a proper use of the federal courts.

## RESERVATION OF ALL AFFIRMATIVE AND ADDITIONAL DEFENSES

Event Tickets hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend

this Answer to add to, amend, withdraw, or modify these defenses as its investigation

continues and as discovery may require.

## **PRAYER FOR RELIEF**

Event Tickets prays as follows:

1.      That Plaintiff takes nothing by way of its Complaint;

2.      A judgment dismissing Plaintiff's Complaint;

3.      That Event Tickets recover attorneys' fees, expert fees and investigator
        fees;

4.      That Event Tickets recover costs of suit herein; and

5.      That the Court award such other and further relief as it deems
        appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Event Tickets demands a jury trial on all claims

which are triable to a jury in this action.

Dated:    January 30, 2025                    FISH & RICHARDSON P.C.

By:  */s/ John W. Thornburgh*
John W. Thornburgh (SBN 154627)
thornburgh@fr.com
Madelyn S. McCormick (SBN 320063)
mmccormick@fr.com
12860 El Camino Real Suite 400
San Diego, CA 92130
Telephone:  858.678.5070
Facsimile:  858.678-5099

Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Telephone:   213-533-4240

*Attorneys for Defendant Event Tickets Center, Inc.*