John W. Thornburgh (SBN 154627)
thornburgh@fr.com
Madelyn S. McCormick (SBN 320063)
mmccormick@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:   858-678-5070

Christopher S. Marchese (SBN 170239)
marchese@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Telephone:   213-533-4240

*Attorneys for Defendant*
*TicketNetwork, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXS GROUP LLC,<br><br>        Plaintiff,<br><br>v.<br><br>EVENT TICKETS CENTER, INC.;<br>TICKETNETWORK, INC.; VIRTUAL<br>BARCODE DISTRIBUTION LLC;<br>ALTAN TANRIVERDI; and<br>SECURE.TICKETS,<br><br>        Defendants. | Case No. 2:24-CV-00377-SPG (Ex)<br><br>**DEFENDANT TICKETNETWORK, INC.'S CORRECTED ANSWER AND COUNTERCLAIMS TO PLAINTIFF AXS GROUP LLC'S SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>District Judge: Sherilyn Peace Garnett<br><br>Magistrate Judge: Charles F. Eick<br><br>Complaint Served: December 9, 2024 |

Defendant TicketNetwork, Inc. ("TicketNetwork") by and through its attorneys, files its Answer to Plaintiff AXS Group LLC's ("AXS" or "Plaintiff") Second Amended Complaint for alleged copyright infringement, violation of the Digital Millennium Copyright Act, trademark counterfeiting, trademark infringement, federal false designation, unfair competition, common law false designation, civil conspiracy, and breach of contract ("Complaint").

## **INTRODUCTION**

TicketNetwork is a high-tech leader in the ticketing industry. Founded in 2002, it operates an online marketplace that provides an outlet for buyers and sellers of tickets to live entertainment events. It hosts a leading online exchange with over $5.5 billion in ticket inventory. TicketNetwork.com connects fans to more than 100,000 concerts, sports and theater events worldwide. All tickets are listed by professional ticket-selling companies and trusted ticket sellers, and backed by a money-back guarantee.

In addition to its own website, TicketNetwork allows its inventory of tickets to be sold through affiliate and other websites. Through its flagship product, the TicketNetwork® Point-of-Sale, and its other innovative solutions, TicketNetwork powers a vast network of websites that enable buyers and sellers to exchange tickets to thousands of events. TicketNetwork's software and services are used by fans looking for concerts and other shows every day.

On information and belief, AXS operates on a different business model. It contracts with event organizers or venues to sell tickets on an exclusive basis. According to the Complaint, AXS's clients include "hundreds of event organizer clients who present sports and entertainment events in the United States, including the Crypto.com Arena in Los Angeles, the T-Mobile Arena in Las Vegas, Nevada, and the Ryman Auditorium and Grand Ol Opry in Nashville, Tennessee." Complaint, ¶ 2.

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

On information and belief, AXS's monopolistic business model results in notoriously high ticket prices and fees, causing consumer dissatisfaction. To make matters worse, AXS also attempts to restrict the right of customers to resell tickets for events they can no longer attend. In the past, tickets were like books: they were pieces of paper that could be easily resold, as at a used bookstore. But now most tickets are electronic. And on information and belief, AXS has deployed technical and legal means to force customers to resell tickets through AXS's own website or app, such that AXS can control prices and charge even more fees. AXS even admits to this practice in the Complaint: "Regardless of whether consumers purchase original issue primary market tickets **from AXS**, **or** resale market tickets **through AXS Official Resale**, AXS ensures they are '100% authentic' because of proprietary software developed by AXS called 'AXS Mobile ID.' AXS Mobile ID is an identity-based ticketing technology that assigns a unique identifier to each consumer and a mechanism for associating each digital ticket to the proper consumer." Complaint, ¶ 28 (emphasis added).

AXS's monopolistic attempts to prevent resale other than through its "official" channel are illegal, as detailed herein. Consumer advocacy groups have stepped up to defend customer rights, and a number of states have enacted legislation making interference with the secondary ticket market illegal. The website for the National Association of Ticket Brokers ("NATB") explains further:

> Today, efforts are underway in many different forms that restrict the purchase, sale and transfer of tickets. The result is harmful - season ticket holders are losing their tickets, concertgoers are being required to wait in line at will-call to present their ID instead of a using a print-at-home ticket, and many others are being forced to use a single resale site that imposes more fees and minimum pricing regardless of actual market value.

***

2

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

1  Ticketholders have the right to purchase, sell, give away or
2  otherwise transfer their tickets freely in an open, transparent, and
3  competitive market without encumbrance of the original seller.

4  Protect Ticket Rights is a fans-focused initiative that helps
5  ticketholders defend their rights and advocates for a market with
6  improved transparency and fairness for consumers and ticket sellers
7  alike. Our work is possible thanks to the professional ticket selling
8  companies of NATB, which support market reform that improves the
9  fan ticket-buying experience.

10 *See* Ex. A (from https://www.protectticketrights.com/the-issues and
11 https://www.protectticketrights.com/about-ticket-rights). As the NATB website
12 further explains:

13 Some performers, promoters and venues use paperless tickets
14 which require the credit card holder who purchased them to show the
15 card and ID at the door of the event. This impedes the right of the ticket
16 owner to employ them as desired: perhaps to sell them, or to give them
17 away, for instance, if it proves impossible to attend the event. They
18 claim this is to reduce fraud, when in reality it's merely a scheme to
19 restrict your right to sell or transfer your tickets. Fortunately, six states
20 have passed laws that require consumers be offered a freely transferable
21 ticket option (meaning not mobile-only and not locked to one specific
22 ticketing platform or system, such as . . . AXS). These states include
23 Colorado, Connecticut, Illinois, New York, Utah, and Virginia."

24 *Id.*

25 On information and belief, vendors including AXS have also begun *cancelling*
26 the tickets of their own paying customers if these customers resell their tickets
27 outside of the "official" channel:

28

3
CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED
COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

Some venues have begun to use ticket-scanning technology that can deny entry to ticketholders who purchased their ticket from a competitor to their box office or the contracted, "primary" ticketing issuer (most often . . . AXS). Meanwhile these are tickets that were already purchased from the box office or primary seller in the first place, and merely resold or transferred to a new ticketholder. The technology uses digital, app-based tickets with revolving bar codes or QR codes to scan at entry.  This technology infamously failed at a small concert in Los Angeles in October 2019 when hundreds of fans carrying valid tickets were denied entry simply because they purchased their tickets from a competing seller.  Fortunately, laws in several states prohibit venues from discriminating against ticketholders and denying entry on the basis that the ticketholder purchased their tickets on the secondary, resale market.

*Id.*  On information and belief, the Los Angeles incident described in the quote may refer to a Black Keys concert, which "shut out hundreds of fans, causing chaos at the Wiltern." *See* Ex. B (https://www.latimes.com/california/story/2019-09-20/black-keys-wiltern-tickets-ticketmaster).

This means that AXS is itself *causing* the very harms to its reputation and to customers that it discusses in the Complaint.

On information and belief, season tickets are also being cancelled in a similar way:

Some sports teams are cancelling, threatening to cancel, or choosing not renew accounts of season ticket holders that they believe are reselling tickets.  This is unfair and punishes the most vested ticket holders of a team!  Many season ticket holders cannot attend every game so they may give them away or sell some, others may resell a portion of their tickets as a means to afford their full ticket package. Reselling

4

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED
COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

tickets that would otherwise go unused puts a fan in the seat - a win-win situation when you consider attendees at live events tend to make purchases at concessions.  Plus, a team should prefer filled seats over empty seats.  Importantly, these tickets are being resold, not sold for the first time, meaning the team has already been paid the price of the ticket package plus any associated fees.  The same practice occurs in live music too, where large, powerful companies contracted by venues or concert promoters to sell tickets arbitrarily use technology to cancel consumers' tickets long after they are purchased.

Ex. A.

To address this misconduct, TicketNetwork is countersuing AXS as detailed below.

## **ANSWER**

TicketNetwork responds to the allegations contained in the numbered paragraphs of AXS's Complaint below.  TicketNetwork denies all allegations and characterizations in AXS's Complaint unless expressly admitted in the following paragraphs.

## I.    **"INTRODUCTION & SUMMARY OF RELIEF REQUESTED"**[1]

1.    TicketNetwork denies that it has committed any alleged wrongdoing or caused any alleged harm described in the Complaint.  In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures—which on information and belief are designed to unlawfully force customers to resell AXS tickets through AXS's own website or app—TicketNetwork denies that doing so for the purpose of reselling tickets renders such tickets "counterfeit" or "fraudulent."  On information and belief, such tickets continue to

---

[1] TicketNetwork repeats the Complaint's headings for convenience but does not thereby make any admission that they are accurate.

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED
COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

function for the purpose of entering an event unless AXS itself chooses to cancel the tickets of its own paying customers. To extent AXS does cancel such tickets, AXS itself is the cause of the very customer dissatisfaction and harm that AXS cites in its Complaint. TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies them.

2.     TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies them.

3.     TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies them.

4.     TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies them.

5.     TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies them.

6.     While TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "fraudulent." TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies them.

7.     TicketNetwork denies that it has committed any alleged wrongdoing described in the Complaint. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit." TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies them.

8.     TicketNetwork denies that it has committed any alleged wrongdoing or caused any alleged harm described in the Complaint. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control

measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit" or "fake." TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies them.

9.    TicketNetwork denies that it has committed any alleged wrongdoing described in the Complaint.    TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies them.

## II.    "PARTIES"

10.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies them.

11.    TicketNetwork admits that it provides ticket listing services to Defendant Event Tickets Center, Inc. ("ETC") under contract.    TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12.    TicketNetwork admits that it is a Delaware corporation with an address at 75 Gerber Road East, South Windsor, CT 06074. TicketNetwork also admits that it owns the domain ticketnetwork.com and that it provides ticket listing services to ETC and others under contract.    TicketNetwork denies all remaining allegations contained in Paragraph 12.

13.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies them.

14.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

15.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

16.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies them.

### III. **"JURISDICTION AND VENUE"**

17.    TicketNetwork admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). TicketNetwork denies all remaining allegations contained in Paragraph 17.

18.    TicketNetwork admits this Court has supplemental jurisdiction over state claims. TicketNetwork denies that it has committed any alleged wrongdoing described in the Complaint. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit." TicketNetwork denies all remaining allegations contained in Paragraph 18.

19.    TicketNetwork admits this Court has personal jurisdiction over TicketNetwork. TicketNetwork denies that it has committed any alleged wrongdoing described in the Complaint. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit," "fake," or "fraudulent." TicketNetwork denies all remaining allegations contained in Paragraph 19, and therefore denies them.

20.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

21.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies them.

22.    TicketNetwork denies that venue is proper in this district because the Complaint appears based on Plaintiff's use of Event Ticket's website, which requires that any controversy or claim arising out of or relating to the use of the site shall be subject to venue in the state and federal courts of the State of Connecticut, Hartford County. TicketNetwork denies that it has committed any alleged wrongdoing described in the Complaint. TicketNetwork denies all remaining allegations contained in Paragraph 22.

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

## IV.    "PLAINTIFF'S E-TICKETING BUSINESS OPERATION"

### A.    "The AXS Platform for Selling and Re-Selling Tickets"

23.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies them.

24.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies them.

25.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

26.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies them.

27.    TicketNetwork denies that it has committed any alleged wrongdoing or caused any alleged harm described in the Complaint.    In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit." TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies them.

### B.    "AXS Mobile ID Technology (Formerly Known as 'Flash Seats')"

28.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies them.

29.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies them.

30.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies them.

31.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies them.

32.    TicketNetwork lacks knowledge or information sufficient to form a

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

belief as to the truth of the allegations in Paragraph 32, and therefore denies them.

33.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies them.

34.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies them.

35.    TicketNetwork denies that it has committed any alleged wrongdoing or caused any alleged harm described in the Complaint.   In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit." TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies them.

## V.    "PLAINTIFF'S [ALLEGEDLY] VALID AND SUBSISTING INTELLECTUAL PROPERTY RIGHTS"

### A.    "The AXS Trademarks"

36.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies them.

37.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies them.

38.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies them.

39.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies them.

40.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies them.

41.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore denies them.

42.    TicketNetwork lacks knowledge or information sufficient to form a

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED
COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

1    belief as to the truth of the allegations in Paragraph 42, and therefore denies them.

2        43.    TicketNetwork lacks knowledge or information sufficient to form a
3    belief as to the truth of the allegations in Paragraph 43, and therefore denies them.

4        **B.    "The AXS Copyrights"**

5        44.    TicketNetwork lacks knowledge or information sufficient to form a
6    belief as to the truth of the allegations in Paragraph 44, and therefore denies them.

7        45.    TicketNetwork lacks knowledge or information sufficient to form a
8    belief as to the truth of the allegations in Paragraph 45, and therefore denies them.

9        46.    TicketNetwork lacks knowledge or information sufficient to form a
10    belief as to the truth of the allegations in Paragraph 46, and therefore denies them.

11        47.    TicketNetwork lacks knowledge or information sufficient to form a
12    belief as to the truth of the allegations in Paragraph 47, and therefore denies them.

13        48.    TicketNetwork lacks knowledge or information sufficient to form a
14    belief as to the truth of the allegations in Paragraph 48, and therefore denies them.

15        **C.    "Notice of Plaintiff's Trademarks and Copyrights"**

16        49.    TicketNetwork lacks knowledge or information sufficient to form a
17    belief as to the truth of the allegations in Paragraph 49, and therefore denies them.

18        50.    TicketNetwork lacks knowledge or information sufficient to form a
19    belief as to the truth of the allegations in Paragraph 50, and therefore denies them.

20        51.    TicketNetwork lacks knowledge or information sufficient to form a
21    belief as to the truth of the allegations in Paragraph 51, and therefore denies them.

22    **VI.    "DEFENDANTS' [ALLEGED] INFRINGING AND ILLICIT
23        COUNTERFEITING OPERATIONS"**

24        52.    TicketNetwork lacks knowledge or information sufficient to form a
25    belief as to the truth of the allegations in Paragraph 52, and therefore denies them.

26        53.    TicketNetwork denies all allegations contained in Paragraph 53 relating
27    to TicketNetwork and denies that it has committed any alleged wrongdoing
28    described in the Complaint.  In addition, while TicketNetwork is not involved with

11
CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED
COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit." TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

### A.    "ETC [Allegedly] Delivers Counterfeit AXS Digital Tickets to Unsuspecting Consumers in Cooperation with VBD"

54.    On information and belief, ETC only markets on its website and is not involved in distribution of tickets, and AXS is aware of this.  TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore denies them.

55.    On information and belief, ETC only markets on its website and is not involved in delivery or handling of tickets.  In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."  TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and therefore denies them.

56.    On information and belief, ETC earns revenue from service fees, not the cost the tickets, and AXS is aware of this.  In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."  TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies them.

57.    While TicketNetwork does no business with Defendant VBD and is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."  TicketNetwork otherwise lacks knowledge or information sufficient

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

to form a belief as to the truth of the allegations in Paragraph 57, and therefore denies them.

58.    While TicketNetwork does no business with Defendant VBD and is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."  TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore denies them.

59.    While TicketNetwork does no business with Defendant VBD and is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "fraudulent."  TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and therefore denies them.

60.    While TicketNetwork does no business with Defendant VBD and is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."  TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and therefore denies them.

61.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and therefore denies them.

62.    While TicketNetwork does no business with Defendant VBD and is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."  TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

63.    TicketNetwork denies any allegations in Paragraph 63 related to

TicketNetwork and denies that it has committed any alleged wrongdoing described in the Complaint.  In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit." TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

64.    TicketNetwork denies any allegations in Paragraph 64 related to TicketNetwork.    TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

65.    TicketNetwork denies any allegations in Paragraph 65 related to TicketNetwork.    TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

**B.    "TNI Markets and Delivers Counterfeit AXS Digital Tickets to Unsuspecting Consumers and Provides Software to Facilitate the Same"**

66.    TicketNetwork admits that it owns the domain ticketnetwork.com and that it provides ticket listing services.    TicketNetwork denies that it distributes tickets, and on information and belief AXS is aware of this.    TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and therefore denies them.

67.    TicketNetwork admits that it owns the domain ticketnetwork.com and that it provides ticket listing services.  TicketNetwork denies that it delivers tickets, and on information and belief AXS is aware of this.  Ticket sellers deliver tickets directly to consumers.  TicketNetwork also denies that it has committed any alleged wrongdoing described in the Complaint.  In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures,

TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit" or that purchasers are "duped." TicketNetwork denies that it knows of or is actively involved in the alleged "rampant practice" or "process." TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and therefore denies them.

68.    TicketNetwork admits that it owns the domain ticketnetwork.com and that it provides ticket listing services. TicketNetwork denies that it distributes tickets, and on information and belief AXS is aware of this. Ticket sellers deliver tickets directly to consumers. TicketNetwork also denies that it has committed any alleged wrongdoing described in the Complaint. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit." TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and therefore denies them.

69.    TicketNetwork admits that it owns the domain ticketnetwork.com and that it provides ticket listing services to others under contract. TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and therefore denies them.

70.    TicketNetwork admits that it provides ticket listing services to others under contract and that the Complaint quotes in part from TicketNetwork's website. TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and therefore denies them.

71.    TicketNetwork admits that it provides ticket listing services to others under contract and that the Complaint quotes in part from TicketNetwork's website. TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and therefore denies them.

72.    TicketNetwork admits that it owns the domain ticketnetwork.com and

that it provides ticket listing services.   TicketNetwork denies that it distributes
tickets, and on information and belief AXS is aware of this.  Ticket sellers deliver
tickets directly to consumers.  TicketNetwork denies that it has committed any
alleged wrongdoing described in the Complaint.  In addition, while TicketNetwork
is not involved with bypassing any AXS security or access control measures,
TicketNetwork denies that doing so for the purpose of resale renders a ticket
"counterfeit."  TicketNetwork otherwise lacks knowledge or information sufficient
to form a belief as to the truth of the allegations in Paragraph 72, and therefore denies
them.

73.    TicketNetwork admits that it provides ticket listing services to ETC and
others under contract.   TicketNetwork denies that it distributes tickets, and on
information and belief AXS is aware of this.  Ticket sellers deliver tickets directly
to consumers.  On information and belief, ETC only markets on its website and does
not retail, sell, or distribute tickets, and AXS is aware of this.  TicketNetwork also
denies that it has committed any alleged wrongdoing described in the Complaint.  In
addition, while TicketNetwork is not involved with bypassing any AXS security or
access control measures, TicketNetwork denies that doing so for the purpose of
resale renders a ticket "counterfeit."  TicketNetwork otherwise lacks knowledge or
information sufficient to form a belief as to the truth of the allegations in Paragraph
73, and therefore denies them.

74.    TicketNetwork admits that it provides ticket listing services.
TicketNetwork denies that it distributes tickets, and on information and belief AXS
is aware of this.  Ticket sellers deliver tickets directly to consumers.  TicketNetwork
denies that it has committed any alleged wrongdoing described in the Complaint.  In
addition, while TicketNetwork is not involved with bypassing any AXS security or
access control measures, TicketNetwork denies that doing so for the purpose of
resale renders a ticket "counterfeit."  TicketNetwork otherwise lacks knowledge or
information sufficient to form a belief as to the truth of the allegations in Paragraph

16

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED
COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

1  74, and therefore denies them.

2      75.    TicketNetwork denies that AXS "learned" of TicketNetwork's

3  involvement in this by "investigating."  TicketNetwork voluntarily stepped forward

4  to defend its customer ETC and began settlement negotiations with AXS.

5  TicketNetwork also objects to AXS's reference to the content of these settlement

6  discussions, which were designated under Rule 408, but to the extent such

7  discussions are admissible, TicketNetwork told AXS it was not involved in ticket

8  distribution or "counterfeiting."  During settlement discussions, AXS did give

9  TicketNetwork a list of brokers that it alleged possibly sold "counterfeit" tickets, but

10  out of the approximately 15 names, only one was found in TicketNetwork's records,

11  and that account had been disabled a year previously.  TicketNetwork also told AXS

12  that TicketNetwork's software did not differentiate between the brand of ticket that

13  was being sold (*e.g.*, . . . AXS).  In addition, TicketNetwork denies that it distributes

14  tickets, and on information and belief AXS is aware of this.  TicketNetwork denies

15  that it has committed any alleged wrongdoing described in the Complaint.  And

16  while TicketNetwork is not involved with bypassing any AXS security or access

17  control measures, TicketNetwork denies that doing so for the purpose of resale

18  renders a ticket "counterfeit."  TicketNetwork otherwise lacks knowledge or

19  information sufficient to form a belief as to the truth of the allegations in Paragraph

20  75, and therefore denies them.

21      76.    TicketNetwork denies that it has committed any alleged wrongdoing

22  described in the Complaint.  While TicketNetwork is not involved with bypassing

23  any AXS security or access control measures, TicketNetwork denies that doing so

24  for the purpose of resale renders a ticket "counterfeit."  TicketNetwork denies that it

25  knows of or is actively involved in the alleged "rampant practice" or "process."

26  TicketNetwork otherwise lacks knowledge or information sufficient to form a belief

27  as to the truth of the allegations in Paragraph 76, and therefore denies them.

28      77.    TicketNetwork admits that it provides ticket listing services.

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED
COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

TicketNetwork denies that it distributes tickets, and on information and belief AXS is aware of this. Ticket sellers deliver tickets directly to consumers. TicketNetwork denies that it has committed any alleged wrongdoing described in the Complaint. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit." TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and therefore denies them.

78. TicketNetwork denies any allegations in Paragraph 78 related to TicketNetwork and denies that it has committed any alleged wrongdoing described in the Complaint. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit." On information and belief, AXS is also aware that TicketNetwork is not involved in any such "counterfeiting." Furthermore, while TicketNetwork objects to AXS's reference to the content of settlement discussions designated under Rule 408, to the extent such discussions are admissible, TicketNetwork provided AXS with an article discussing how ticket security or access control measures may be bypassed (https://www.404media.co/email/5177b3c5-992b-4cd2-9a8d-d3f38310782f). TicketNetwork also repeatedly told AXS that it has nothing to do with delivering tickets and absolutely nothing to do with apps or websites to bypass AXS security or access control measures. TicketNetwork also told AXS that it does not know who is responsible for bypassing AXS security or access control measures and is not affiliated with any such actors. TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

79. TicketNetwork denies any allegations in Paragraph 79 related to TicketNetwork and denies that it has committed any alleged wrongdoing described

in the Complaint.   TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

80.    TicketNetwork denies any allegations in Paragraph 80 related to TicketNetwork and denies that it has committed any alleged wrongdoing or caused any alleged harm described in the Complaint.   TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

### C.    "ETC's Independent Acts of Infringement and Unfair Competition"

81.    While TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit," "fake," or "fraudulent."   TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and therefore denies them.

82.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and therefore denies them.

83.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and therefore denies them.

84.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and therefore denies them.

85.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and therefore denies them.

86.    While TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit," "fake," or "fraudulent."   TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and therefore denies them.

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED
COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

87.     TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and therefore denies them.

**D.     "Defendant Tanriverdi Is Selling and Distributing Counterfeit AXS Tickets in this Judicial District"**

88.     While TicketNetwork has no record of doing business with Defendant Tanriverdi and is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."  TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and therefore denies them.

89.     While TicketNetwork has no record of doing business with Defendant Tanriverdi and is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit" or "fraudulent."  TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and therefore denies them.

90.     While TicketNetwork has no record of doing business with Defendant Tanriverdi and is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."  TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and therefore denies them.

91.     While TicketNetwork has no record of doing business with Defendant Tanriverdi and is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."  TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and therefore denies them.

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

92.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and therefore denies them.

93.    While TicketNetwork has no record of doing business with Defendant Tanriverdi and is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."    TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and therefore denies them.

94.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and therefore denies them.

**E.    "Secure.Tickets is Selling and Distributing Counterfeit AXS Tickets in this Judicial District"**

95.    While TicketNetwork does no business with Defendant Secure.Tickets and is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."    TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and therefore denies them.

96.    While TicketNetwork does no business with Defendant Secure.Tickets and is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."    TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and therefore denies them.

97.    While TicketNetwork does no business with Defendant Secure.Tickets and is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."    TicketNetwork otherwise lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 97, and therefore denies them.

98.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and therefore denies them.

99.    While TicketNetwork does no business with Defendant Secure.Tickets and is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."  TicketNetwork otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and therefore denies them.

100.   TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and therefore denies them.

## VII.   "CAUSES OF ACTION"

### "First Cause of Action (All Defendants)

### [Alleged] Copyright Infringement Under 17 U.S.C. § 101, *et. seq.*"

101.   In response to Paragraph 101, TicketNetwork incorporates by reference its responses to the preceding paragraphs of the Complaint as though fully restated herein.

102.   TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and therefore denies them.

103.   TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and therefore denies them.

104.   TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and therefore denies them.

105.   TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and therefore denies them.

106.   TicketNetwork denies the allegations in Paragraph 106 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to

the truth of the allegations against other Defendants and therefore denies them.

107. TicketNetwork denies the allegations in Paragraph 107 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."

108. TicketNetwork does not have control over third parties, and on information and belief AXS is aware of this. In addition, TicketNetwork objects to AXS's reference to settlement discussions that were designated under Rule 408, but to the extent such discussions are admissible, TicketNetwork gave AXS a copy of its broker guidebook. This guidebook shows the rules that brokers must follow when using TicketNetwork's service, but TicketNetwork does not control them. TicketNetwork otherwise denies the allegations in Paragraph 108 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."

109. TicketNetwork denies the allegations in Paragraph 109 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."

110. TicketNetwork denies the allegations in Paragraph 110 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them. In

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."

111.    TicketNetwork denies the allegations in Paragraph 111 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

112.    TicketNetwork denies the allegations in Paragraph 112 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

113.    TicketNetwork denies the allegations in Paragraph 113 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

114.    TicketNetwork denies the allegations in Paragraph 114 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

115.    TicketNetwork denies the allegations in Paragraph 115 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

116.    TicketNetwork denies the allegations in Paragraph 116 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

## **"Second Cause of Action (All Defendants)**

## **[Alleged] Violation of Digital Millennium Copyright Act Under 17 U.S.C. § 1201"**

117.    In response to Paragraph 117, TicketNetwork incorporates by reference its responses to the proceeding paragraphs of the Complaint as though fully restated herein.

118.    TicketNetwork lacks knowledge or information sufficient to form a

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

belief as to the truth of the allegations in Paragraph 118, and therefore denies them.

119.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and therefore denies them.

120.    TicketNetwork denies the allegations in Paragraph 120 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."

121.    TicketNetwork denies the allegations in Paragraph 121 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

122.    TicketNetwork denies the allegations in Paragraph 122 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

123.    TicketNetwork denies the allegations in Paragraph 123 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

124.    TicketNetwork denies the allegations in Paragraph 124 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

## **"Third Cause of Action (All Defendants)**

## **[Alleged] Trademark Counterfeiting Under 15 U.S.C. § 1114, *et seq.*"**

125.    In response to Paragraph 125, TicketNetwork incorporates by reference its responses to the proceeding paragraphs of the Complaint as though fully restated herein.

126.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and therefore denies them.

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

127.    TicketNetwork denies the allegations in Paragraph 127 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."

128.    TicketNetwork denies the allegations in Paragraph 128 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."

129.    TicketNetwork denies the allegations in Paragraph 129 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."

130.    TicketNetwork denies the allegations in Paragraph 130 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

131.    TicketNetwork denies the allegations in Paragraph 131 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

## "Fourth Cause of Action (All Defendants)

## [Alleged] Trademark Infringement Under 15 U.S.C. § 1114, *et seq.*"

132.    In response to Paragraph 132, TicketNetwork incorporates by reference its responses to the proceeding paragraphs of the Complaint as though fully restated

herein.

133.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and therefore denies them.

134.    TicketNetwork denies the allegations in Paragraph 134 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

135.    TicketNetwork denies the allegations in Paragraph 135 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

136.    TicketNetwork denies the allegations in Paragraph 136 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

137.    TicketNetwork denies the allegations in Paragraph 137 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

138.    TicketNetwork denies the allegations in Paragraph 138 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

### "Fifth Cause of Action (All Defendants)

### [Alleged] Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125, *et seq.*"

139.    In response to Paragraph 139, TicketNetwork incorporates by reference its responses to the proceeding paragraphs of the Complaint as though fully restated herein.

140.    TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140, and therefore denies them.

141.    TicketNetwork denies the allegations in Paragraph 141 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

the truth of the allegations against other Defendants and therefore denies them.

142.   TicketNetwork denies the allegations in Paragraph 142 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

143.   TicketNetwork denies the allegations in Paragraph 143 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

144.   TicketNetwork denies the allegations in Paragraph 144 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

145.   TicketNetwork denies the allegations in Paragraph 145 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

**"Sixth Cause of Action (All Defendants)**

**[Alleged] State Statutory Unfair Competition Under Cal. Bus. & Prof. Code § 17200, *et seq.*"**

146.   In response to Paragraph 146, TicketNetwork incorporates by reference its responses to the proceeding paragraphs of the Complaint as though fully restated herein.

147.   TicketNetwork lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147, and therefore denies them.

148.   TicketNetwork denies the allegations in Paragraph 148 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

149.   TicketNetwork denies the allegations in Paragraph 149 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

150.   TicketNetwork denies the allegations in Paragraph 150 related to

TicketNetwork and lacks knowledge or information sufficient to form a belief as to
the truth of the allegations against other Defendants and therefore denies them.

151.    TicketNetwork denies the allegations in Paragraph 151 related to
TicketNetwork and lacks knowledge or information sufficient to form a belief as to
the truth of the allegations against other Defendants and therefore denies them.

### "Seventh Cause of Action (All Defendants)

### [Alleged] Common Law False Designation of Origin & Unfair Competition"

152.    In response to Paragraph 152, TicketNetwork incorporates by reference
its responses to the proceeding paragraphs of the Complaint as though fully restated
herein.

153.    TicketNetwork lacks knowledge or information sufficient to form a
belief as to the truth of the allegations in Paragraph 153, and therefore denies them.

154.    TicketNetwork denies the allegations in Paragraph 154 related to
TicketNetwork and lacks knowledge or information sufficient to form a belief as to
the truth of the allegations against other Defendants and therefore denies them.

155.    TicketNetwork denies the allegations in Paragraph 155 related to
TicketNetwork and lacks knowledge or information sufficient to form a belief as to
the truth of the allegations against other Defendants and therefore denies them.

156.    TicketNetwork denies the allegations in Paragraph 156 related to
TicketNetwork and lacks knowledge or information sufficient to form a belief as to
the truth of the allegations against other Defendants and therefore denies them.

157.    TicketNetwork denies the allegations in Paragraph 157 related to
TicketNetwork and lacks knowledge or information sufficient to form a belief as to
the truth of the allegations against other Defendants and therefore denies them.

158.    TicketNetwork denies the allegations in Paragraph 158 related to
TicketNetwork and lacks knowledge or information sufficient to form a belief as to
the truth of the allegations against other Defendants and therefore denies them.

**"Eighth Cause of Action**

**(Against Defendants ETC, TNI and VBD)**

**[Alleged] Civil Conspiracy"**

159.    In response to Paragraph 159, TicketNetwork incorporates by reference its responses to the proceeding paragraphs of the Complaint as though fully restated herein.

160.    TicketNetwork denies the allegations in Paragraph 160 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."

161.    TicketNetwork denies the allegations in Paragraph 161 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "fraudulent."

162.    TicketNetwork denies that it has committed any alleged wrongdoing described in the Complaint.  TicketNetwork provides ticket listing services to ETC under contract; there is no further "plan" or relationship.  On information and belief, AXS knows this.   TicketNetwork also denies that it delivers tickets, and on information and belief ETC only markets on its website and is not involved in distribution of tickets.  TicketNetwork otherwise denies the allegations in Paragraph 162. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."

163.    TicketNetwork denies that it has committed any alleged wrongdoing

described in the Complaint. TicketNetwork provides ticket listing services to ETC under contract; there is no further "plan" or relationship. On information and belief, AXS knows this. TicketNetwork otherwise denies the allegations in Paragraph 163. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "fraudulent."

164.    TicketNetwork denies the allegations in Paragraph 164 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."

165.    TicketNetwork denies the allegations in Paragraph 165 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

166.    TicketNetwork denies the allegations in Paragraph 166 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

## <u>"Ninth Cause of Action (All Defendants)</u>

## <u>[Alleged] Breach of Contract"</u>

167.    In response to Paragraph 167, TicketNetwork incorporates by reference its responses to the proceeding paragraphs of the Complaint as though fully restated herein.

168.    TicketNetwork denies the allegations in Paragraph 168 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

169.    TicketNetwork denies the allegations in Paragraph 169 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

the truth of the allegations against other Defendants and therefore denies them.

170.    TicketNetwork denies the allegations in Paragraph 170 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

171.    TicketNetwork denies the allegations in Paragraph 171 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

172.    TicketNetwork denies the allegations in Paragraph 172 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

173.    TicketNetwork denies the allegations in Paragraph 173 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

174.    TicketNetwork denies the allegations in Paragraph 174 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."

175.    TicketNetwork denies the allegations in Paragraph 175 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

176.    TicketNetwork denies the allegations in Paragraph 176 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

177.    TicketNetwork denies the allegations in Paragraph 177 related to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of the allegations against other Defendants and therefore denies them.

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

## VIII. "PRAYER FOR RELIEF"

The section of the Complaint titled "Prayer for Relief" sets forth the statement of relief requested by AXS to which no response is required. TicketNetwork denies that AXS is entitled to any relief sought in its Prayer for Relief or otherwise. In addition, while TicketNetwork is not involved with bypassing any AXS security or access control measures, TicketNetwork denies that doing so for the purpose of resale renders a ticket "counterfeit."

## VIII. AFFIRMATIVE AND ADDITIONAL DEFENSES

178.   In response to Paragraph 178, TicketNetwork incorporates by reference the foregoing paragraphs in their entirety and asserts the following affirmative and additional defenses.   By asserting these affirmative and additional defenses, TicketNetwork does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear.   TicketNetwork reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the Copyright and Trademark Laws of the United States, the state and federal laws cited in the Complaint, and/or at law or in equity that may now exist, or in the future be available, based on discovery and further investigation in this case, as well as the right to amend this Answer to include those defenses.   Pursuant to Federal Rule of Civil Procedure 8(c), TicketNetwork, without waiver, limitation, or prejudice, hereby asserts the following affirmative and additional defenses.

## FIRST AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Fair Use)

Plaintiff is not entitled to any relief because the accused conduct is protected by the fair use doctrine.   For example, in *Sega Enterprises Ltd. v. Accolade, Inc.*, 977 F.2d 1510 (9th Cri. 1992), the Ninth Circuit held that the doctrine of fair use prevents the use of both copyright and trademark law to restrict access to the functional aspects of a product.   Here, it appears Plaintiff is attempting to use copyright and trademark to restrict access to functional aspects of event tickets, such

as the ability to enter an event.  However, TicketNetwork has no knowledge of or involvement in the alleged infringements.

### SECOND AFFIRMATIVE OR ADDITIONAL DEFENSE
### (No Injunctive Relief)

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff—there is none—is neither immediate nor irreparable and Plaintiff has an adequate remedy at law.

### THIRD AFFIRMATIVE OR ADDITIONAL DEFENSE
### (Equitable Defenses)

Plaintiff's claims against TicketNetwork are barred in whole or in part by one or more of the equitable doctrines of acquiescence, estoppel, waiver, and unclean hands.

### FOURTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (Laches)

Plaintiff's claims against TicketNetwork are barred in whole or in part by the doctrine of laches.

### FIFTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (No Trademark Infringement)

TicketNetwork has not infringed any valid, enforceable trademark of Plaintiff under the Lanham Act or state law.

### SIXTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (No Trademark Counterfeiting)

TicketNetwork has not counterfeited any valid, enforceable trademark of Plaintiff under the Lanham Act or state law.

### SEVENTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (No False Designation of Origin and Unfair Competition)

TicketNetwork has not engaged in any false designation of origin or unfair competition under the Lanham Act or state law.

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED
COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

## EIGHTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (No Likelihood of Confusion)

There is no likelihood of consumer confusion based on the allegations of the Complaint.

## NINTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (No Willfulness or Malicious Conduct)

None of TicketNetwork alleged actions were willful or malicious.

## TENTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (Narrow Scope of Protection)

Given the generic nature of Plaintiff's mark, it is afforded only a narrow scope of protection, if any.

## ELEVENTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (No Remedies or Damages)

TicketNetwork has not committed any acts resulting in any damages against Plaintiff or any remedies owed to Plaintiff.

## TWELFTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (Failure to Mitigate)

Plaintiff's claims are barred, in whole or in part, as a result of its failure to mitigate damages, if any.

## THIRTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (No Contract)

TicketNetwork has entered no contract with Plaintiff.

## FOURTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (Failure to State a Claim)

Plaintiff has failed to state a claim against TicketNetwork upon which relief can be granted.

## FIFTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (No Standing)

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED
COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

Plaintiff lacks standing because it has failed to join necessary and indispensable parties, including without limitation the alleged infringers of its intellectual property.

## SIXTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (No Control)

Plaintiff has failed to state a claim against TicketNetwork because it has not, and cannot, allege that TicketNetwork controls the alleged infringers of Plaintiff's intellectual property.

## SEVENTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (Section 230)

Plaintiff has failed to state a claim against TicketNetwork because "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230.

## EIGHTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (Unclean Hands)

On information and belief, AXS knows that TicketNetwork is not involved in any of the misconduct alleged in the Complaint, that TicketNetwork has not entered any contract with AXS, and that TicketNetwork does not infringe any of AXS's trademarks or copyrights, yet AXS continues to pursue this litigation, apparently as a vehicle for identifying other parties. This is not a proper use of the federal courts. Additionally, AXS has unclean hands because it uses its trademarks and copyrights as a means of unfairly suppressing and restricting the free resale of tickets in the Secondary Ticket Sales Market, as explained throughout this answer and counterclaims.

## NINETEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (First Sale Doctrine)

Under the first sale doctrine, any right AXS has to control the distribution of its purportedly trademarked and copyright product (i.e., tickets first sold under AXS's ticketing sales scheme) does not extend beyond the first sale of the ticket. *See, e.g.*, 17 U.S.C. § 109; *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1074 (9th Cir. 1995). For the express purpose of controlling the downstream distribution of its products to the ultimate ticket buyers and eliminating "diversion" to unauthorized retailers (i.e., those other than AXS itself), AXS seeks to avoid the "first sale" rule and enjoin TicketNetwork from providing a platform for reselling tickets that are rightly resold using TicketNetwork's platform in the Secondary Ticket Sales Market. Thus, TicketNetwork is not liable for trademark and/or copyright infringement by providing a platform for the resale of tickets in the Secondary Ticket Sales Market because AXS has no right to enforce its purposed trademarks and copyrights beyond the first sale/purchase of a ticket.

## TWENTIETH AFFIRMATIVE OR ADDITIONAL DEFENSE
### (Trademark and/or Copyright Misuse)

On information and belief, filed this action for the improper purpose of stifling competition knowing that TicketNetwork did not violate AXS's trademarks and/or copyrights. Additionally, AXS misuses its trademarks and/or copyrights because it uses its them as a means of unlawfully and unfairly suppressing and restricting the free resale of tickets in the Secondary Ticket Sales Market, as explained above in connection with TicketNetwork's first sales doctrine defense and throughout this answer and counterclaims.

## RESERVATION OF ALL AFFIRMATIVE AND ADDITIONAL DEFENSES

TicketNetwork hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to

amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

## COUNTERCLAIMS

Defendant TicketNetwork, Inc. ("TicketNetwork") by and through its attorneys, counterclaims and alleges against Plaintiff AXS Group LLC's ("AXS" or "Plaintiff") as follows:

## ACTS GIVING RISE TO COUNTERCLAIMS

1.      TicketNetwork incorporates by reference its Introduction section above as if fully set forth here.

2.      TicketNetwork is a high-tech leader in the ticketing industry, operating an online marketplace that provides a platform for ticket sellers and buyers to exchange purchased tickets in an open and free online market. This type of resale is also referred to the "Secondary Ticket Sales Market." TicketNetwork is not a ticket-buying bot, and does not buy, resell, or scalp tickets.

3.      In addition to its own website, TicketNetwork allows its inventory of tickets to be sold through affiliate and other websites. Through its flagship product, the TicketNetwork® Point-of-Sale, and its other innovative solutions, TicketNetwork powers a vast network of websites that enable buyers and sellers to exchange tickets to thousands of events. TicketNetwork's software and services are used by fans looking for concerts and other shows every day.

4.      On information and belief, AXS operates on a business model that is different than TicketNetwork's. Rather than selling in a free market system, AXS contracts with event organizers or venues to sell tickets on an exclusive basis. On information and belief, AXS has deployed technical and legal means to force customers to resell tickets through AXS's own website or app, such that AXS can control prices and charge even more fees. AXS's ticketing process and requirements for reselling tickets purchased through AXS unfairly restricts the sale, resale, and marketing of the tickets in a free market in violation of many state laws.

38

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

5.      TicketNetwork is injured by AXS's unlawful restriction of the resale of tickets because it restricts the population of tickets available for resale on TicketNetwork's platforms, thereby reducing traffic to TicketNetwork's websites and suppressing TicketNetwork's revenue.

## PARTIES

6.      Counterclaim Plaintiff TicketNetwork is a Delaware corporation with an address at 75 Gerber Road East, South Windsor, CT 06074.

7.      On information and belief, Counterclaim Defendant AXS is a limited liability company organized under the laws of the state of Delaware and has its principal place of business at 425 W. 11th Street, Los Angeles, CA 90015.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this case pursuant to AXS's claims under 28 U.S.C. § 1331 and § 1338 concerning the Copyright Act, 17 U.S.C. § 101 et seq., and the Lanham Act, 15 U.S.C. § 1051 et seq.  This Court has supplemental jurisdiction over all state claims under 28 U.S.C. § 1367 because all state law claims asserted herein are related to the same controversy of AXS unfairly and unlawfully restricting the resale of tickets on the Secondary Ticket Sales Market, including sales on TicketNetwork's platform and websites, which purportedly give rise to AXS's federal causes of action.

9.      This Court has personal jurisdiction over AXS because, among other reasons, AXS has subjected itself to the jurisdiction of this Court at least by commencing the present action for patent infringement against TicketNetwork in this District.  This Court also has personal jurisdiction over AXS because AXS has its principal place of business in Los Angeles, within this District.  ECF No. 84, ¶ 10.

10.     Venue is proper in this District under 28 U.S.C. § 1391 and/or § 1400 at least because AXS resides in this District.

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED
COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

## COUNT I

**Violation of Colorado Consumer and Commercial Affairs Law § 6-1-718**

11.    TicketNetwork realleges the foregoing paragraphs of its counterclaims and introduction as if fully set forth herein.

12.    On information and belief, AXS cancels or revokes the ticket of customers who legally resell those same legally purchased tickets outside of AXS's platform, including tickets legally resold on TicketNetwork's platform.

13.    On information and belief, AXS's ticketing policies work to deny access to an event based solely on the ground that the ticket was resold through a reseller that was not approved by AXS in violation of Colo. Rev. Stat. § 6-1-718(4).

14.    TicketNetwork is harmed by AXS's unlawful restriction of the resale of tickets because it restricts the population of tickets available for resale on TicketNetwork's platforms, thereby reducing traffic to TicketNetwork's websites and suppressing TicketNetwork's revenue and is entitled to damages or any other remedy the court deems appropriate.

## COUNT II

**Violation of Conn. Gen. Stat. § 53-289d and/or Unfair or Deceptive Act in The Conduct of Trade or Commerce Under Subsection (A) of § 42-110b**

15.    TicketNetwork realleges the foregoing paragraphs of its counterclaims and introduction as if fully set forth herein.

16.    On information and belief, AXS has deployed technical and legal means to force customers to resell tickets through AXS's own website or app, such that AXS can control prices and charge additional fees on top of those charged during the initial ticket purchase.

17.    On information and belief, AXS's ticketing policies fail to give ticket purchasers an option to purchase tickets that the purchaser may transfer to any party, at any price and at any time, without additional fees.

18.    On information and belief, AXS's does not offer a ticket purchaser at

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED
COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

the time of the initial sale the option to purchase the same tickets in another form that is transferrable, independent of such a ticketing sales system, including, but not limited to, paper tickets or e-tickets and without additional fees, regardless of the form or transferability of such tickets in violation on Connecticut Statute § 53-289d and/or Connecticut's unfair or deceptive act in the conduct of trade or commerce under subsection (a) of § 42-110b.

19.     TicketNetwork is harmed by AXS's unlawful restriction of the resale of tickets because it restricts the population of tickets available for resale on TicketNetwork's platforms, thereby reducing traffic to TicketNetwork's websites and suppressing TicketNetwork's revenue and is entitled to damages or any other remedy the court deems appropriate.

## COUNT III

### Violation of New York Arts & Cult. Aff. Law § 25.30

20.     TicketNetwork realleges the foregoing paragraphs of its counterclaims and introduction as if fully set forth herein.

21.     AXS employs a ticketing system that prohibits the purchaser from transferring an AXS ticket at any price, and at any time, and without additional fees, independent of the AXS or its agents thereby restricting the resale of tickets in violation of New York ACAL § 25.30.

22.     AXS's does not offer a ticket purchaser at the time of the initial sale the option to purchase the same tickets in another form that is transferrable, independent of such a ticketing sales system, including, but not limited to, paper tickets or e-tickets and without additional fees, regardless of the form or transferability of such tickets in violation of New York ACAL § 25.30.

23.     TicketNetwork is harmed by AXS's violation of New York law through its unlawful restriction of the resale of tickets. AXS's unlawful actions restricts the population of tickets available for resale on TicketNetwork's platforms, thereby reducing traffic to TicketNetwork's websites and suppressing TicketNetwork's

41
CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED
COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

revenue and is entitled to damages or any other remedy the court deems appropriate.

## COUNT IV

### Violation of California Consumer Legal Remedies Act

### Cal. Civ.Code § 1750, *et seq.*

24.    TicketNetwork realleges the foregoing paragraphs of its counterclaims and introduction as if fully set forth herein.

25.    California Civil Code Section 1750, *et seq.*, titled Consumers Legal Remedies Act ("CLRA"), provides a list of proscribed "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" and/or services to a "consumer" that are unlawful.  The California Legislature explained that the CLRA is to "be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."  Cal. Civ. Code § 1760.

26.    AXS's actions, representations, and conduct violate the CLRA because AXS's transactions are intended to result or have resulted in the sale of services and/or goods to consumers that are unlawful.  AXS sells tickets for entertainment events to consumers in the Primary Ticket Sales Market, constituting sales of a "good" and/or "service" to consumers" within the meaning of the CLRA. Cal. Civ. Code § 1761(a), (b), (d).  Those ticket buyers then attempt to lawfully resell those tickets on TicketNetwork's platforms but cannot do so because of AXS's unfair and unlawful business practices that restrict ticket sales in the Secondary Ticket Sales Market.  AXS's unfair restriction of the Secondary Ticket Sales Market directly results in TicketNetwork losing business and harm to consumers by way of limiting the free enjoyment, including the resale, of their lawfully purchased ticket.

27.    By restricting the resale of tickets legally purchased, on information and belief, AXS's acts and practices violated and continue to violate the CLRA by representing that a transaction confers or involves rights, remedies, or obligations

which it does not have or involve, or which are prohibited by law in violation of Civ.
Code § 1770(a)(14), and by inserting an unconscionable provision in the ticket sales
contract in violation of Civ. Code § 1770(a)(19).

28.    On information and belief, AXS's violations of the CLRA were done
with awareness of the fact that their conduct is restricting the resale of tickets,
including requiring additional fees for the resale of tickets already paid for inclusive
of AXS's fees, was wrongful and motivated solely by AXS's self-interest, monetary
gain, and increased profit.  Further, AXS engaged in such unlawful, unfair, and
unconscionable actions despite knowing the harm that would result to businesses in
the Secondary Ticket Sales Market, including economic injury to TicketNetwork, in
addition to harming the ticket buying public.

29.    TicketNetwork is injured by AXS's unlawful restriction of the resale of
tickets because it restricts the population of tickets available for resale on
TicketNetwork's platforms, thereby reducing traffic to TicketNetwork's websites
and suppressing TicketNetwork's revenue.

## COUNT V

### Violation of California Unfair Competition Law
### Cal. Bus. & Prof. Code § 17200, *et seq.*

30.    TicketNetwork realleges the foregoing paragraphs of its counterclaims
and introduction as if fully set forth herein.

31.    AXS's actions constitute unlawful acts or practices in the conduct of a
business in violation of Cal. Bus. & Prof. Code § 17200. The violation of any state
or local law is sufficient to satisfy the UCL's "unlawful" prong. AXS's actions are
unlawful for at least the reasons described above with respect to Colorado,
Connecticut, and New York laws protecting the right to resell tickets legally
purchased and California CLRA.

32.    AXS's actions also constitute unfair acts or practices in the conduct of
a business in violation of Cal. Bus. & Prof. Code § 17200. AXS's practices

prohibiting the free resale of tickets lawfully purchased through AXS are unfair because they offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to TicketNetwork's business by effectively restricting the sale of goods in the open market and shrinking the resale market overall that makes up TicketNetwork's business.

33.     Additionally, AXS's practices are unfair because they significantly threaten and/or harm competition by denying online marketplaces and platforms, like TicketNetwork's, business by making it difficult—if not impossible—for ticket holders to sell their lawfully purchased tickets in the Secondary Ticket Sales Market. AXS's ticketing policies allow AXS to monopolize the Secondary Ticket Sales Market for tickets purchased through AXS—tickets that consumers often have no other means of purchasing but through AXS.

34.     Without tickets to sell on its online marketplace, TicketNetwork makes less money from advertising and cannot compete in the Secondary Ticket Sales Market as effectively.

35.     AXS's retained or prevented ticket sales that would have happened on TicketNetwork's marketplace but for AXS's unfair and unlawful restriction of the ticket resale market

36.     On information and belief, AXS has engaged to leverage its dominance in the primary ticket sales market because of its issuance of special coded, paperless tickets.  These virtual tickets allow entry to the game or event only by using AXS's application on a phone.  Transferring or reselling these tickets is only possible through AXS's secondary ticket market exchange platform.  According to the independent American Antitrust Institute, "[i]nstead of benefiting consumers, the trend favoring paperless tickets appears to be motivated by a desire of the dominant primary ticket provider to block out competition in the secondary ticket (resale) market." These practices are all unfair within the meaning of Section 17200 of California's Unfair Competition Law.

37.     As a result of AXS's unlawful and unfair business practices, AXS has caused substantial economic injury to TicketNetwork in an amount not presently known with precision but which is, at a minimum, hundreds of thousands of dollars in lost sales, profits, and additional costs associated with cancelled and revoked tickets.

38.     AXS's unlawful and unfair business practices are continuing and will continue unless relief enjoining these practices is granted under Section 17204 of the UCL.

## COUNT VI

### Interference with TicketNetwork's Prospective Economic Advantage

39.     TicketNetwork realleges the foregoing paragraphs of its counterclaims and introduction as if fully set forth herein.

40.     TicketNetwork has an economic relationship with AXS whereby TicketNetwork allows ticket purchasers to resell tickets, including AXS tickets, on its online marketplace and platforms.

41.     AXS is aware of this relationship at least because it has brought alleged claims against TicketNetowrk for allowing tickets bought through AXS to be resold on TicketNetwork's online platform.

42.     On information and belief, AXS intentionally attempts to prohibit and has actually prohibited the resale of AXS tickets on TicketNetwork's online marketplace and platforms thereby disrupting this relationship by suing TicketNetwork and attempting to restrict and actually restricing AXS ticket sales on TicketNetwork's online marketplace.

43.     TicketNetwork has been damaged by AXS actions in the form of lost sales and profits.

## COUNT VII

### Unjust Enrichment

44.     TicketNetwork realleges the foregoing paragraphs of its counterclaims

and introduction as if fully set forth herein.

45.    In the alternative to the foregoing remedies at law, through its prohibition on ticket resale in an open market, AXS knowingly acted in an unconscionable, unfair, and oppressive manner towards TicketNetwork, violating fundamental principles of justice, equity, and good conscience.

46.    AXS's conduct benefits AXS through the accumulation of additional fees payable to AXS for the resale of tickets initially purchased using AXS's ticket selling platforms. AXS induces ticket purchasers to use AXS's services and purchase products through unfair and unlawful business practices. AXS prohibition on the free resale of tickets in violation of numerous state laws directly harms ticket purchasers and TicketNetwork's business to AXS's benefit. And AXS has accepted and intentionally retained those benefits at the expense of TicketNetwork and the ticket buying public.  As a result, AXS has been unjustly enriched by retaining the monies earned by unfairly and unlawfully restricting the resale of tickets on the Secondary Ticket Sales Market.

47.    If TicketNetwork has no adequate remedy at law, the Court can and should compel AXS to disgorge all inequitable proceeds, i.e., money made from secondary ticket sales.

## **PRAYER FOR RELIEF**

TicketNetwork prays as follows:

1.    That AXS takes nothing by way of its Complaint;

2.    A judgment dismissing AXS's Complaint;

3.    That TicketNetwork recover attorneys' fees, expert fees and investigator fees;

4.    That TicketNetwork recover costs of suit herein; and

5.    That the Court award such other and further relief as it deems appropriate.

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED
COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

On its counterclaims, TicketNetwork respectfully requests that the Court grant the following further relief against AXS

6.     That the Court find and declare that AXS has violated Colo. Rev. Stat. § 6-1-718(4), Conn. Gen. Stat. Ann. § 53-289d and/or subsection (a) of § 42-110b, ACAL § 25.30, the CLRA, the UCL and committed unfair and/or unlawful business practices;

7.     Entry of an order enjoining AXS from continuing the unfair and unlawful business practices alleged in these counterclaims;

8.     A temporary, preliminary and/or permanent order requiring AXS to cease its unfair and unlawful business practices alleged in these counterclaims;

9.     Statutory, compensatory, and/or punitive damages in an amount to be determined at trial;

10.    Actual compensatory damages in an amount to be proved at trial;

11.    Pre- and post-judgment interest;

12.    Reasonable attorneys' fees and costs of the suit, including expert witness fess; and

13.    Such further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, TicketNetwork demands a jury trial on all claims which are triable to a jury in this action.

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)

1    Dated:    January 30, 2025                    FISH & RICHARDSON P.C.

2                                                  By: */s/ John W. Thornburgh*

3                                                  John W. Thornburgh (SBN 154627)
                                                   thornburgh@fr.com
4                                                  Madelyn S. McCormick (SBN 320063)
                                                   mmccormick@fr.com
5                                                  12860 El Camino Real Suite 400
                                                   San Diego, CA 92130
6                                                  Telephone:  858.678.5070
                                                   Facsimile:  858.678-5099
7

8                                                  Christopher S. Marchese (SBN 170239)
                                                   marchese@fr.com
9                                                  FISH & RICHARDSON P.C.
                                                   4695 MacArthur Court Suite 1100
10                                                 Newport Beach, CA 92660
                                                   Telephone:   213-533-4240
11

12                                                 *Attorneys for Defendant TicketNetwork, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CORRECTED ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case No. 2:24-CV-00377-SPG (Ex)