DORSEY & WHITNEY LLP
J. Michael Keyes (SBN 262281)
  keyes.mike@dorsey.com
Connor J. Hansen (*pro hac vice*)
  hansen.connor@dorsey.com
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: 206.903.8800
Facsimile:  206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  schmidt.kent@dorsey.com
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone:  714.800.1400
Facsimile:   714.800.1499

*Attorneys for Plaintiff AXS Group LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXS GROUP LLC,<br><br>   Plaintiff,<br><br>v.<br><br>EVENT TICKETS CENTER, INC., TICKETNETWORK, INC.; VIRTUAL BARCODE DISTRIBUTION LLC; and SECURE.TICKETS,<br><br>   Defendants. | Case No. 2:24-CV-00377-SPG (Ex)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT TICKETNETWORK, INC'S COUNTERCLAIMS** |

COMES NOW, Counter-Defendant AXS Group LLC ("AXS") and in Answer to Counter-Plaintiff TicketNetwork, Inc.'s ("TicketNetwork") Counterclaims, responds as follows:

## "INTRODUCTION"

The section of the Counterclaims titled "Introduction" was positioned at the beginning of TicketNetwork's Answer to AXS's Second Amended Complaint, rather than the start of its Counterclaims. In addition, TicketNetwork's "Introduction"

1  violates Federal Rule of Civil Procedure 10 as TicketNetwork failed to number the paragraphs within this section.  Notably, Paragraph No. 1, under TicketNetwork's Counterclaims, incorporates the "Introduction."  Although no response is required, AXS will provide admissions or denials to TicketNetwork's allegations in its "Introduction," respectively.  AXS denies it committed any wrongdoing as described in the Counterclaims.

To the extent a response is required to paragraph 1 of the "Introduction," AXS admits that TicketNetwork operates an online marketplace and ticketnetwork.com.  As to the remaining allegations in paragraph 1, AXS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

To the extent a response is required to paragraph 2 of the "Introduction," AXS admits that TicketNetwork provides software solutions to third parties.  As to the remaining allegations in paragraph 2, AXS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

To the extent a response is required to paragraph 3 of the "Introduction," AXS admits that it contracts with event organizers or venues to sell tickets, including on an exclusive basis.  AXS admits that some of its clients include hundreds of event organizer clients who present sports and entertainment events in the United States, including the Crypto.com Arena in Los Angeles, the T-Mobile Arena in Las Vegas, Nevada, and the Ryman Auditorium and Grand Ol Opry in Nashville, Tennessee.

To the extent a response is required to paragraph 4 of the "Introduction," AXS admits that it sells tickets electronically, but clarifies that it sells tickets through other means as well.  While AXS admits that the quoted language in paragraph 4 is reproduced from AXS's Complaint, AXS denies that that quote is an admission of any wrongdoing.  AXS denies the remaining allegations and specifically denies the allegation that its business model is "monopolistic."

To the extent a response is required to paragraph 5 of the "Introduction," AXS denies the allegation that its business model is "monopolistic" and the allegation that

is conduct is "illegal." As to any remaining allegations, AXS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

To the extent a response is required to paragraph 6 of the "Introduction," while AXS admits that it may cancel ticket orders placed or it may cancel tickets sold in violation of its Terms and Conditions, AXS denies that it committed any alleged wrongdoing described in the Counterclaims. AXS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

To the extent a response is required to paragraph 7 of the "Introduction," AXS denies the allegations.

To the extent a response is required to paragraph 8 of the "Introduction," AXS lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

To the extent a response is required to paragraph 9 of the "Introduction," AXS denies that it committed any alleged wrongdoing described in the Counterclaims.

## "ACTS GIVING RISE TO COUNTERCLAIMS"

1. In response to Paragraph 1, AXS incorporates by reference its responses to the proceeding paragraphs of the Answer as though fully restated herein and denies that it committed any alleged wrongdoing described in the Counterclaims.

2. AXS admits that TicketNetwork operates an online platform for ticket delivery services, which permits third-party brokers to list tickets for sale. AXS admits TicketNetwork's platform is involved in the secondary ticket sales market. AXS otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies them.

3. AXS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies them.

4. AXS admits that it contracts with event organizers or venues to sell tickets, including on an exclusive basis. AXS denies all remaining allegations contained in Paragraph 4 relating to AXS and denies that it committed any alleged wrongdoing described in the Counterclaims.

5. AXS denies that it has committed any alleged wrongdoing described in the Counterclaims. AXS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies them.

## "PARTIES"

6. AXS admits TicketNetwork is a Delaware corporation with an address at 75 Gerber Road East, South Windsor, CT 06074.

7. AXS admits that it is limited liability company organized under the laws of the state of Delaware and has its principal place of business in this judicial district.

## "JURISDICTION AND VENUE"

8. AXS admits that this Court has subject matter jurisdiction over this case pursuant to AXS's claims under 28 U.S.C. § 1331 and § 1338 concerning the Copyright Act and 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1367 et seq. While AXS admits that this Court has supplemental jurisdiction over all state claims under 18 U.S.C. § 1367 because all state claims asserted herein are related to the same controversy, AXS denies that it committed any alleged wrongdoing described in the Counterclaims. AXS denies all remining allegations contained in Paragraph 8.

9. AXS admits that this Court has personal jurisdiction over AXS.

10. AXS admits that venue is proper in this judicial district.

## "COUNT I"

**"Violation of Colorado Consumer and Commercial Affairs Law § 6-1-718"**

11. In response to Paragraph 11, AXS re-asserts and incorporates by reference its responses to the preceding paragraphs of the Counterclaims as if fully set forth herein.

12. AXS admits that it may cancel ticket orders placed or cancel tickets sold in violation of its Terms and Conditions. AXS denies all remaining allegations in Paragraph 12. AXS denies that it committed any alleged wrongdoing described in the Counterclaims.

13. AXS denies the allegations in Paragraph 13.

14. AXS denies that it committed any alleged wrongdoing described in the Counterclaims. AXS denies it has caused any harm to TicketNetwork and lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 14, and therefore denies them.

## "COUNT II"

### "Violation of Conn. Gen. Stat. § 53-289d and/or Unfair or Deceptive Act in The Conduct of Trade or Commerce Under Subsection (A) of § 42-110b"

15. In response to Paragraph 15, AXS re-asserts and incorporates by reference its responses to the preceding paragraphs of the Counterclaims as if fully set forth herein.

16. AXS denies that it committed any alleged wrongdoing described in the Counterclaims. AXS denies the allegations in Paragraph 16.

17. AXS denies that it committed any alleged wrongdoing described in the Counterclaims. AXS denies the allegations in Paragraph 17.

18. AXS denies that it committed any alleged wrongdoing described in the Counterclaims. AXS denies the allegations in Paragraph 18.

19. AXS denies that it committed any alleged wrongdoing described in the Counterclaims and denies that it has caused any harm to TicketNetwork. AXS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies them.

## "COUNT III"

### "Violation of New York Arts & Cult. Aff. Law § 25.30"

20. In response to Paragraph 20, AXS re-asserts and incorporates by

reference its responses to the preceding paragraphs of the Counterclaims as if fully set forth herein.

21. AXS denies that it committed any alleged wrongdoing described in the Counterclaims. AXS denies the allegations in Paragraph 21.

22. AXS denies that it committed any alleged wrongdoing described in the Counterclaims. AXS denies the allegations in Paragraph 22.

23. AXS denies that it committed any alleged wrongdoing described in the Counterclaims and denies that it caused any harm to TicketNetwork. AXS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies them.

## "COUNT IV"

### "Violation of California Consumer Legal Remedies Act Ca. Civ. Code § 1750, *et seq.*"

24. In response to Paragraph 24, AXS re-asserts and incorporates by reference its responses to the preceding paragraphs of the Counterclaims as if fully set forth herein.

25. AXS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

26. AXS admits that it sells tickets for entertainment events to consumers in the Primary Ticket Sales Market. AXS denies that it committed any alleged wrongdoing described in the Counterclaims. AXS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 relating to TicketNetwork, and therefore denies them. AXS denies all remaining allegations in Paragraph 26.

27. AXS denies that it committed any alleged wrongdoing described in the Counterclaims. AXS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies them.

28. AXS denies that it committed any alleged wrongdoing described in the Counterclaims. AXS denies the allegations in Paragraph 28.

29. AXS denies that it committed any alleged wrongdoing described in the Counterclaims and denies that it has caused any harm to TicketNetwork. AXS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies them.

## "COUNT V"

## "Violation of California Unfair Competition Law
## Ca. Bus. & Prof. Code § 17200, *et seq.*"

30. In response to Paragraph 30, AXS re-asserts and incorporates by reference its responses to the preceding paragraphs of the Counterclaims as if fully set forth herein.

31. AXS denies that it committed any alleged wrongdoing described in the Counterclaims. The allegations in Paragraph 31 include legal argument or legal conclusions to which no response is required. To the extent a response is required, AXS denies the allegations in Paragraph 31.

32. AXS denies that it committed any alleged wrongdoing described in the Counterclaims. AXS denies the allegations in Paragraph 32.

33. AXS denies that it committed any alleged wrongdoing described in the Counterclaims. AXS denies the allegations in Paragraph 33.

34. AXS denies that it committed any alleged wrongdoing described in the Counterclaims. AXS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies them.

35. AXS denies that it committed any alleged wrongdoing described in the Counterclaims. AXS denies the allegations in Paragraph 35.

36. AXS admits its virtual tickets allow entry to the game or event through the use of AXS's platform. While AXS admits that the tickets it sells may be transferred or resold via AXS's platform, AXS denies that it committed any alleged

wrongdoing described in the Counterclaims.  AXS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36, and therefore denies them.

37.  AXS denies that it committed any alleged wrongdoing described in the Counterclaims and denies that it has caused any harm or injury to TicketNetwork.  AXS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies them.

38.  AXS denies that it committed any alleged wrongdoing described in the Counterclaims.  AXS denies the allegations in Paragraph 38.

## "COUNT VI"

### "Interference with TicketNetwork's Prospective Economic Advantage"

39.  In response to Paragraph 39, AXS re-asserts and incorporates by reference its responses to the preceding paragraphs of the Counterclaims as if fully set forth herein.

40.  AXS denies that it committed any alleged wrongdoing described in the Counterclaims.  AXS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies them.

41.  AXS admits that it brought claims against TicketNetwork for allowing counterfeit tickets to be resold on TicketNetwork's website.  AXS denies the remaining allegations in Paragraph 41.

42.  AXS denies that it committed any alleged wrongdoing described in the Counterclaims.  AXS denies the allegations in Paragraph 42.

43.  AXS denies that it committed any alleged wrongdoing described in the Counterclaims.  AXS denies the allegations in Paragraph 43.

## "COUNT VII"

### "Unjust Enrichment"

44.  In response to Paragraph 44, AXS re-asserts and incorporates by reference its responses to the preceding paragraphs of the Counterclaims as if fully

set forth herein.

45.  AXS denies that it committed any alleged wrongdoing described in the Counterclaims. AXS denies the allegations in Paragraph 45.

46.  AXS denies that it committed any alleged wrongdoing described in the Counterclaims. AXS denies the allegations in Paragraph 46.

47.  AXS denies that it committed any alleged wrongdoing described in the Counterclaims. AXS denies the allegations in Paragraph 47.

## "PRAYER FOR RELIEF"

This section of the Counterclaims titled "Prayer for Relief" sets forth the statement of relief requested by TicketNetwork to which no response is required. AXS denies that TicketNetwork is entitled to any relief sought in its Prayer for Relief or otherwise.

## "DEMAND FOR JURY"

This section of the Counterclaims titled "Demand for Jury" sets forth TicketNetwork's demand for a jury to which no response is required.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

AXS incorporates by reference the foregoing paragraphs in their entirety and asserts the following affirmative and additional defenses. By asserting these affirmative and additional defenses, AXS does not admit that it bears the burden of proof on any issues and does not accept any burden it would not otherwise bear. AXS reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the state and federal laws cited in the Counterclaims and/or at law or in equity that may now exist, or in the future, based on discovery and further investigation in this case, as well as the right to amend this Answer to include those defenses. Pursuant to Federal Rule of Civil Procedure 8(c), AXS, without waiver, limitation, or prejudice, hereby asserts the following affirmative and additional defenses.

**First Affirmative Defense**

**(No Standing Under Colorado Consumer and Commercial Affairs Law)**

TicketNetwork is not entitled to any relief under the Colorado Consumer and Commercial Affairs Law as it is not an actual or potential consumer, a successor in interest to an actual consumer, or injured in the course of its business. C.R.S. § 6-1-113(1)(a) – (c); U.S. Fax Law Ctr., Inc. v. Myron Corp., 159 P.3d 745 (Colo. App. 2006).

**Second Affirmative Defense**

**(No Standing Under the California Civil Code Section 1750, *et seq.*)**

TicketNetwork is not entitled to any relief under the California Civil Code Section 1750, *et seq.*, as it is not a "consumer," "disabled person," or "senior citizen." Cal. Civ. Code § 1780.

**Third Affirmative Defense**

**(No Deceptive or Unfair Conduct)**

AXS's asserts an affirmative defense that any actions were not deceptive or unfair under the relevant legal standards.

**Fourth Affirmative Defense**

**(Compliance with State and Federal Law)**

AXS's asserts an affirmative defense that any alleged actions taken in limiting the resale price of tickets were made in compliance with applicable state and federal law governing resale values.

**Fifth Affirmative Defense**

**(Laches)**

TicketNetwork's counterclaims are barred in whole or in part by the doctrine of laches.

**Sixth Affirmative Defense**

**(No Remedies or Damages)**

AXS has not committed any acts resulting in any damages against

TicketNetwork nor are any remedies owed to TicketNetwork.

### Seventh Affirmative Defense

### (Equitable Defenses)

TicketNetwork's counterclaims are barred in whole or in part due to one or more of the equitable doctrines of acquiescence, estoppel, waiver, and unclean hands.

### Eighth Affirmative Defense

### (Unclean Hands)

Upon information and belief, and as admitted through its Counterclaim, TicketNetwork knows that AXS has certain Terms and Conditions (complying with relevant state and federal law) legally limiting the resale of a ticket, and despite this knowledge, TicketNetwork has permitted the resale of counterfeit tickets on its platform.

### Ninth Affirmative Defense

### (Lawful Restrictions on Trade)

AXS asserts as an affirmative defense that any alleged limitations placed on the resale of tickets were imposed pursuant to valid and enforceable Terms and Conditions, complying with applicable state and federal laws.

### Tenth Affirmative Defense

### (Safe Harbor)

AXS's asserts that its business practices are permitted by state and federal law.

### Eleventh Affirmative Defense

### (No Likelihood of Confusion)

There is no likelihood of consumer confusion based on the allegations in the Counterclaims.

### Twelfth Affirmative Defense

### (Competition)

AXS asserts as an affirmative defense that it is legally permitted to compete with TicketNetwork.

**Thirteenth Affirmative Defense**

**(No Expense)**

AXS has not received any benefits based on TicketNetwork's conduct or at TicketNetwork's expense.

**RESERVATION OF ALL AFFIRMATIVE AND ADDITIONAL DEFENSES**

AXS hereby gives notice that it intends to rely upon any other matter constituting an affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and discovery may require.

Dated: April 23, 2025

DORSEY & WHITNEY LLP

By: */s/ J. Michael Keyes*
J. Michael Keyes (SBN 262281)
  *keyes.mike@dorsey.com*
Connor J. Hansen (*pro hac vice*)
  *hansen.connor@dorsey.com*
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA
Telephone: 206.903.8800
Facsimile: 206.903.8820

DORSEY & WHITNEY LLP
Kent J. Schmidt (SBN 195969)
  *schmidt.kent@dorsey.com*
600 Anton Boulevard, Suite 200
Costa Mesa, CA 92626
Telephone: 714.800.1400
Facsimile: 714.800.1499

*Attorneys for Plaintiff AXS Group LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 23, 2025, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record. Any counsel of record who has not consented to electronic service through the Court's CM/ECF system will be served by electronic mail.

                                                */s/ J. Michael Keyes*
                                                J. Michael Keyes, SBN 262281